*156 OPINION of the Court, by
Judge Logan.
This cause was before this court at a former term, when thq entry of the present appellee was sustained, and ⅛⅜ *157 %mnner in which the claim should be surveyed determined. In carrying into effect the opinion of this court, the parties have taken a volume of testimony in relation to the head of a branch, which in that opinion was de-oided to he a locative and valid call from the evidence before the court. The head of the branch, as represented on the plat then exhibited, was certain, and admitted of no doubt, because there was hat one place shown, or pretended as forming the head, and no testimony tradicting the report of the surveyor in the delineation of that object. Upon the head,' therefore, of the branch, which was sufficiently described, the court in part attached this entry ; remanded the cause with directions as to the manner of laying down the claim, and taining the land which ought to he conveyed. Butin executing the survey tor me purpose of carrying that opinion into effect, a retrial of the fact is introduced, and instead of being confined to the head of the branch, as upon the former trial appeared, a different place is attempted to he established.
The attempt was inadmissible, and can never be sanctioned, without putting afloat every thing like a final determination of such controversies. What is this, but an attempt to disprove the fact upon w hich that, opinion turned ? The counsel responds it is not to negative that fact, hut to show that it occupied a different point ; that instead of being at one place, it w as at another. But this is certainly shewing that the fact, as assumed in the former opinion upon the proof then before the court, did not exist at the place assumed ; and might, by being permitted, totally vary the ground upon v ideo the opinion was predicated, and even destroy the entry, although it had been correctly determined in the first instance. The court below, therefore, properly disregarded ttíé proof in relation to Miller’s spring, as it is represented, not being the place designated in the plat when the cause was determined in this court.
But that court, in decreeing to the complainant all the land designated in the plat by the figures 1, 2, 3 and 4, erred, probably through mistake, expecting that the survey and patent under which the complainant holds comprehended the same; whereas it does not. Those figures represent the entry as directed by this court to be laid down ; but the claim, as surveyed and patented, does not cover entirely the same land ; and the com» *158 plainant was only entitled to a decree for what Mis within both the entry as it ought to be laid down, and also his patent. For this cause, therefore, the decree is erroneous, and must for so much he reversed with costs, and affirmed as to the residue.