CASE 57—ORDINARY—MARCH 8, 1881.

## Hamilton v. Fugett, &c.

APPEAL FROM MORGAN CIRCUIT COURT.

1. A patent for seventy-four thousand eight hundred and sixty-six acres of land, "excluding 60,518 acres prior grants," with no description of the excluded land, is void.

2. It is so uncertain as to enable the patentee to locate the excluded land in any part of the patent boundary.

JOHN T. HAZELRIGG, JOHN S. VANWINKLE, A. DUVALL, AND W. LINDSAY FOR APPELLANT.

1. Patents like that issued to Amyx are numerous, and not of recent origin in this state.

2. It is certain to a reasonable intent. (Drake v. Ramsey, Hardin, 34; Craig v. Cogar, Ib., 386; Yocum v. Renfro, 2 Mar., 395; 6 J. J. Mar., 191; Bush v. Jameson, 3 Bibb, 121; 2 Stat. Laws, 1021; Cain v. Flinn, 2 Dana, 500; 4 Randolph, 365; Jennings v. Whittaker, 4 Mon., 51; 3 Peters, 341; 2 Ib., 237; Litt. Select Cases, 281; 8 Cal., 188; 30 Miss., 266; 9 B. Mon., 246; Broome's Leg. Maxims, 625; 5 Peters, 81; Bowman v. Bowman, 3 Head's Tenn. Rep.; Fowlks v. Nixon, 7 Heiskett Rep.; Taylor v. Fletcher, 7 B. Mon., 82.)

Hamilton v. Fugett, &c.

J. R. BOTTS FOR APPELLEE.

1. The survey was not made according to law. (Morehead & Brown Stat., 1021; Ball v. Stewart, MS. Opin.)
2. Not a line, course, or distance is given in the patent. It is void for uncertainty.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The evidence does not establish with certainty the length of time the appellee Williams occupied the land in controversy before the action was instituted, and it is not necessary, in view of a more important and controlling question, to analyze the evidence on the plea of limitation in order to its settlement.

The patent relied on by appellant was issued May 15th, 1849, to M. J. Amyx, for seventy-four thousand eight hundred and sixty-six acres, excluding 60,518 acres prior grants.

There is no description of the excluded 60,518 acres. No lines, corners, courses, distances, or bounds whatever are given. The dividing lines of counties, with such courses and distances, are called for with reference to the 74,866 acres as indicate an effort to appropriate whatever vacant lands that might be embraced by them without regard to identification or the rights of the numerous citizens who reside within the sweeping lines thrown around them by the survey upon which the patent issued.

The patent is so uncertain as to enable the patentee, or those claiming under him, whenever a controversy arises as to any portion of the 74,866 acres, to claim the location of the excluded 60,518 acres in any part of the patent boundary. So that a controversy with an occupant, claimant, or patentee on the eastern side may find its location on the western borders, and *vice versa*.

To sustain this patent would violate the whole purpose and spirit of the statutes regulating the entry and grant of vacant lands.

None but vacant lands can be appropriated, and the survey is for the purpose of identifying them; and every entry, survey, or patent embracing previously entered, surveyed, or patented lands, is absolutely void to the extent of such lands. (Section 3, chapter 109, General Statutes.)

Here the patent leaves everything in doubt and uncertainty as to the location of either the vacant or the excluded lands. Neither can be found or ascertained by the patent, and therefore it is void.

The judgment below having been based upon the fact that the patent is void because of its uncertainty, is therefore affirmed.