83 279
109 196

CASE 42—MANDAMUS—OCTOBER 14.

# Roberts v. Davidson.

### APPEAL FROM PULASKI CIRCUIT COURT.

1. INJUNCTIONS do not interfere with the rights of third parties who have acquired them in good faith, and who are not parties or priv-ies to the proceedings.

An injunction restraining a county surveyor from making a cer-tain survey having been granted in a proceeding to which the surveyor alone was made a defendant, the party claiming the right to have the survey made is not bound thereby, and, if there is no other obstacle, he may have a mandamus to compel the surveyor to make the survey.

2. PATENTS VOID FOR UNCERTAINTY.— While a patent with such sweeping lines as to include within it a large boundary of both vacant and already appropriated lands, without identifying or lo-cating the latter, can not be sustained, land embraced in such a patent can not be appropriated as vacant land without further legislation.

3. IT IS THE DUTY OF THE SURVEYOR, when applied to, to make entries for persons holding warrants from the county court, and to survey entries in the order in which they are made; and he can not be heard to say that one is not entitled to a survey because no entry has been made, when it was his duty to make the entry.

JAMES DENTON FOR APPELLANT.

1. The Stewart and Porter patent is void for uncertainty, the excluded lands not being described. (Hamilton v. Fugate, 3 Ky. Law Rep., 158.)

2. The patent being void for uncertainty, the judgment prohibiting the surveyor from surveying within its uncertain bounds is also void for uncertainty.

3. It was never intended that injunctions should interfere with the rights of third persons who, in good faith, have acquired such rights. (Hilliard on Injunctions, 23; Ibid., page 186, and cases there cited; Heinningway v. Preston, Walk. (Mich.), 528.)

4. A surveyor is an officer of the county, and it is his duty to execute the orders of the county court, and as a warrant from the county court is in the nature of an order to survey for the party holding it, the circuit court has no power to enjoin the surveyor from making the survey, and he may disregard such an injunction. (C. & O. R. R. Co. v. Judge of Washington County Court, 10 Bush, 564.)

5. It is the duty of the surveyor to make the entry (General Statutes, chapter 40, article 3, section 1), and it is also his duty to survey the "entries in the succession in point of time in which the same· are made." (General Statutes, chapter 109, section 3.)

JOSEPH E. HAYS on same side.

1. The Stewart and Porter patent is void for uncertainty. (Hamilton v. Fugate, 3 Ky. Law Rep.. 158.)
2. The Stewart and Porter survey is void, because it was not made in accordance with the sixth section of the act of 1815, on the subject of appropriating lands, or with any subsequent statute directing how surveys are to be made. Nor was it made in accordance· with General Statutes, chapter 109, section 3, page 818.
3. As records are only binding on parties and privies, the injunction against the surveyor, if not void, does not bind appellant.

O. H. WADDLE for appellee.

1. The decision in Hamilton v. Fugate (3 Ky. Law Rep., 158) does not apply, for the reason that the patent in this case does not recite· that the excluded lands have been previously granted.
2. The excluding clause in the patent is an exception and not a reservation (Shepherd's Touchstone, 80), and the exception and not the: patent is void for uncertainty. (4 Cruise's Digest of Law of Real Property, chapter 21, section 66 vol. 2, page 226; Greenleaf's Evidence, vol. 2, page 77; 1 Shepherd's Touchstone, page 79.)
3. The plaintiff had made no entry appropriating any vacant land, as: the statute required him to do, at the time he demanded the survey to be made. (General Statutes, chapter 109, sections 2, 3.)
4. The injunction against the surveyor precludes the court from granting the relief asked. An injunction, though improperly issued, must be respected so long as it remains in force. (Hilliard on Injunctions, pages 177, 185.)

JUDGE HOLT delivered the opinion of the court.

The appellant, Alvin O. Roberts, obtained from the Pulaski County Court on March 14, 1881, a warrant to survey and appropriate one hundred and fifty acres of vacant land; and on the same day he presented it to the deputy of the appellee, who was the county surveyor, and it was entered by the former in his entry book; but the entry did not describe the land, although the testimony tends to·

show that the appellant then gave him a general description of it.

On March 15, 1881, one Gorman and others had the deputy make several surveys, which, perhaps, embraced the land, or a part of it, which the appellant had sought to appropriate; but no entry was ever made in the surveyor's entry book as to the warrants under which they were made. J. W. Parker and others, on March 16, 1881, sued out an injunction from the Pulaski Circuit Court against the appellee alone, enjoining him from making any of the surveys above named, or any plats or certificates thereof, or recording the same; and no answer being filed, the allegations of the petition were taken *pro confesso*, and the injunction made perpetual on April 2, 1881.

It was based upon the alleged ownership of the land by the plaintiffs in that suit under the Stewart and Porter patent, dated May 12, 1851, which purported to convey to the grantees therein named a thousand acres; and which, after giving a certain boundary, contained this exclusion, without any further words descriptive of it:

"There is 21,520 acres excluded the above boundary."

It is admitted by the pleadings that the land which the appellant is seeking to appropriate is not within the exclusion. He brought this action on September 13, 1881, to obtain a mandamus to compel the appellee to make the survey under his warrant. It is urged in defense, that being embraced by the patent *supra*, it was not vacant land; that there had been

no entry made in the surveyor's entry book giving a description of it; that it had already been surveyed for Gorman and others; and that the appellee had been enjoined from making it.

The appellant had the elder warrant. No entry whatever as to the surveys made for Gorman and the other parties had been made in the surveyor's book; and it was his duty to make those that were first entered. It was also his duty to make the entry, and in it to give the description of the land to be surveyed, if the appellant furnished it to him. The law so contemplates, because it allows the officer a fee for making the entry; and he can not be heard to say that the appellant is not entitled to the survey because he (the appellee) failed to do his duty.

It is said that, even admitting that the injunction was erroneously granted and then perpetuated, that yet it can not be questioned collaterally in this action.

Undoubtedly, an injunction must be respected while in force, although it may have been improperly granted; but it is equally the rule that it can not affect the rights of one who was not a party or a privy to the proceeding. In this instance, neither the State nor the appellant was a party to the injunction suit; and the surveyor was uninterested, save to the extent of doing the work.

Injunctions do not interfere with the rights of third parties who have acquired them in good faith, and who are not parties or privies to the proceeding; and if the appellant were otherwise entitled to

the mandamus, it would be a sufficient response by the surveyor to any charge of contempt of the injunction to say, that since it was granted a court of competent jurisdiction had, in a suit involving the right of a person who was not a party to the injunction suit, directed him to do what he had before been forbidden to do.

It is evident that the land which the appellant seeks to appropriate has been once patented. Even if the pleadings did not admit that it is a part of the one thousand acres, yet the survey upon which the Stewart and Porter patent was based says: "There is 21,520 acres of *surveyed and patented* land in the bounds of this survey which is excluded from the calculation;" so that it is manifest that there was no land within the boundary that had not at some time been granted away by the State upon sufficient consideration.

A question of some difficulty now presents itself. The spirit of our law as well as public policy forbids an appropriation of vacant lands without regard to the rights of others. A patent with such sweeping lines as to include within it a large boundary of both vacant and already appropriated lands, without identifying or locating the latter, would lead to much litigation; and by reason of its uncertainty can not be sustained, either upon principle or by precedent.

Upon the other hand, if in such a case any one could appropriate it as vacant land, not only would injury often result to the honest occupant or owner, but every man would attempt to judge of the valid-

ity of a patent, and then attempt to appropriate-
the land embraced by it if, in his opinion, it was
void. Claims would thus arise which would infest
the land like the locusts of Egypt.

Section 3, chapter 109 of the General Statutes, and
under which the appellant was proceeding, provides:

"Every entry, survey or patent made or issued
under this chapter shall be void so far as it em-
braces lands previously entered, surveyed or pat-
ented.    *    *    *    *    No land shall be subject.
to appropriation under this chapter that has re-
verted to the Commonwealth by escheat, or has
been forfeited for an omission to list the same for
taxation, or failing to pay the taxes thereon, or
which has been once patented, and the title of the
same has in any way become again vested in the
Commonwealth."

It may be said that the statute *supra* relates
only to cases where the title has in fact passed out
of the Commonwealth, and not to a void patent;
but in our opinion the State, having by its officers
issued the patent, and although by some defect it
may be void, yet the statute precludes others from
entering upon or appropriating the land without
further legislation. Such entries are prohibited for
the protection of those who may have obtained the
patent in good faith, or who have derived title to
their homes through it and an honest purchase;
and while the title under these circumstances re-
mains in the State, the land can be appropriated
only by the aid of further legislation.

In the case of Kirk v. Williamson, 82 Ky. Rep.,

page 161, the appellant, Kirk, attempted to appropriate a portion of a tract of land which was claimed by Williamson under a patent, upon the ground that it was vacant by reason of the patent being void for uncertainty. While the question now under consideration was not, perhaps, directly presented in that case, as there the patent was held sufficiently certain to be valid, yet the court said, that if it were void, yet the land embraced by it could not be appropriated as vacant under the statute.

Any other construction of it would create a constant source of contention, and countenance a practice of hunting out defects in patents; and then, although the State has received pay for the land, deprive the patentee, who has honestly entered and paid for it, or those holding under him in good faith, of it.

As the appellant could not appropriate the land in contest as vacant, although the Stewart and Porter patent is void, it necessarily follows that a court ought not to order an officer of the State to do an act tending to such a result.

Judgment affirmed.