CASE 3—PETITION ORDINARY TRANSFERRED TO EQUITY—
JUNE 15.

## Hall v. Martin.

APPEAL FROM FLOYD CIRCUIT COURT.

1. PATENTS—WHEN VOID FOR UNCERTAINTY.—A patent is not void merely because it excludes prior grants without identifying or describing them. It is only where such a patent is indefinite, both as to the exterior boundary and the exclusions, that it is void for uncertainty.

In this case a patent for 1,248 acres of land described by courses and distances, as in an ordinary deed, is held to be valid, although it excludes the number of acres contained in prior grants without identifying them by giving the boundary, the number of acres, or the names of the grantees.

2. SAME—BURDEN OF PROOF.—The burden is on the party claiming under such a patent to show that he is outside of the excluded territory, and not encroaching on the elder grant, which the patent concedes to be superior to his.

3. TRANSFER TO EQUITY.—As this is a plain case for an ejectment, there being nothing to authorize the chancellor to determine the question

of title, the court erred in transferring the action to equity upon plaintiff's motion.

## STATEMENT OF FACT.

The "McNew patent" referred to in the opinion describes the land granted by it as follows: "A certain tract or parcel of land containing one thousand two hundred and eighty acres by survey, bearing date the 2d day of September, one thousand eight hundred and forty-eight, lying and being in the county of Floyd, on the Bolen branch of the left hand fork of Beaver creek, and bounded as follows, to wit: Beginning in the Morgan Fork gap, between the Morgan Fork of Little Mud creek, the Bolen branch and the head of the right hand fork of Patten's branch at two beeches, sourwood and black gum, corner to a two-hundred-and-fifty-acres survey, made in the name of Robert Mead; thence with the same S. 44 W. (E.) 76 poles to a chestnut oak on the top of the ridge, between the Morgan Fork and the Bolen branch, S. 21 W. 40 poles to five hickories and some rocks on the top of said ridge, S. 34 East 14 poles to a white oak and red oak; thence leaving said lines S. 25 W. 320 poles to a stake, S. 11 W. 320 poles to a stake, S. 65 W. 320 poles; thence back by parallel lines N. 11 E. 330 poles to a stake, N. 25 E. 410 poles to a stake, N. 65 E. 354 poles to the beginning. (There being a number of acres held by prior claims, all of which is excluded.)"

FONTAINE T. FOX AND GEORGE DuRELLE FOR APPELLANT.

1. This was an action of ejectment, and the court erred in transferring the case to equity.
2. The McNew patent under which plaintiff claims is absolutely void by reason of the fact that it excludes prior grants without describing them. (Hamilton v. Fugett, 81 Ky., 367.)
3. This proceeding can not be maintained as a bill of peace, because neither does it prevent a multiplicity of suits nor has the plaintiff's claim the sanction of long or any possession. (Story's Equity Juris., sec. 853; Mitford's Equity Pleading, 145–6, cited in Story's Equity Juris., note to sec. 854.)
4. But if plaintiff's McNew patent were a valid one, his purchase was champertous and no title passed, defendant being in adverse possession at the time of his purchase. (Gen. Stats., chap. 11, sec. 1, p. 231.)
5. The statute of limitations affords a complete bar to the plaintiff's recovery of the land claimed by him. (Gen. Stats., ed. of 1887, chap. 71, sec. 1, note 4 and authorities there cited, p. 881; Idem, chap. 72, art. 2, sec. 1, p. 888, note 3; Idem, notes 7 and 9.)
6. The court erred in giving plaintiff judgment for land which he admitted by his pleadings belonged to defendant.

Hall v. Martin.

WM. J. HENDRICK AND JAMES E. STEWART FOR APPELLEE.

1. The mere fact that a patent contains within its exterior boundary exclusions of prior grants, which are not described and identified in the grant, does not render it void. (Drake v. Ramsey, Hardin, 34; Craig v. Cogar, *Idem*, 386; Madison's Heirs v. Owens, Littell's Select Cases, 281; Scott's Lessees v. Ratcliffe, 5 Peters, 86; Overton & Reed v. Roberts, 4 Bibb, 154; Yocum v. Renfro's Heirs, 2 Mar., 395; Thruston v. Masterson, 9 Dana, 233; Armstrong v. Morrill, 14 Wall., 120; Van Rensselear v. Kearney, 11 How., 297; Sears v. Bryant, MS. Op., June, 1872; Stewart v. Balt, MS. Op., Sept., 1876; Fairfax's Devisees v. Hunter's Lessees, 7 Cranch, 618; Fremont v. United States, 17 How., 545; Rutherford v. Green's Heirs, 2 Wheaton.)

In the case of Hamilton v. Fugett, 81 Ky., 366, relied on by counsel for defendant, the patent was void for uncertainty, because the exterior lines of the survey were so vague and indefinite as not to be susceptible of definite location; and in so far as that opinion assigns, as a reason for declaring the patent void, that the exclusions were not described, it should not be followed. Besides, in that case there was a grant of a *large* quantity of land, with a *larger* quantity excluded in gross, and it is only in that class of cases that the decision necessarily applies. (Kirk v. Williamson, 82 Ky., 161; Hillman v. Hurley, 82 Ky., 626; Roberts v. Davidson, 83 Ky, 279.)

2. The following rules govern in the construction of land grants: (1) The grants shall be so construed as to give them validity. (2) Grants are to be construed against the grantor and in favor of the grantee. (3) If the grant contains exceptions, and they are uncertain, the grant is good but the exceptions are void. (Armstrong v. Mudd, 10 B. M., 145; Alexander v. Lively, 5 Mon., 159; Charles River Bridge v Warren Bridge, 11 Peters, 557; Viner's Abridg't, vol. 14, 149; Shepherd's Touchstone, vol. 1, 250.)

3. The patent can not be declared void, except by a direct proceeding on the part of the Commonwealth by *scire facias* or otherwise. It can not be attacked collaterally. (Taylor v. Fletcher, 7 B. M., 82; Bledsoe's Heirs v. Wells, 4 Bibb, 329; Jennings v. Whitaker, 4 Mon., 51; Marshall v. McDaniel, 12 Bush, 378.)

4. The grantee in any case where a patent is declared void has yet a valid entry and survey which vests in him an equitable title of which he can not be divested. (Kirk v. Williamson, 82 Ky., 161; Hillman v. Hurley, 82 Ky., 626; Roberts v. Davidson, 83 Ky., 279; Godlet v. Smithson, 30 Am. Dec., 561.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action in ejectment was instituted by the appellee to recover certain land in the possession of the

appellant, or which he claimed to possess, resulting in a judgment for the appellee. After the action was instituted the appellant filed his answer, and moved to transfer the case to the equity docket. The appellee objected to the transfer, and his objections were sustained, to which no exceptions were taken by the appellant. The appellant, by this action on his part, evinced a willingness to try at law, when the appellee seems to have changed his mind and moved to transfer to equity, and his motion was sustained. The transfer was based upon an amended petition filed by the appellee, in which he wants his title quieted by asking the court to determine the question of title.

We see nothing in the amended petition giving the chancellor the right to determine the question of title over the objection of the appellant. The question involved was one of title, boundary and possession, and the right of entry on land previously patented. The junior patentee might hold to the extent of his actual inclosure, if the holding had been adverse for the statutory period, or without an actual inclosure if there had been no possession by or under the elder patent. This is a plain case for an ejectment, and has no business in a court of equity without the consent of the parties. The appellee claims under the McNew patent, dated on the 22d of February, 1850, on a survey made in the year 1848. The patent is for 1,248 acres of land, the boundary being definitely set forth by courses and distances, excluding therefrom a number of acres contained in prior grants. The prior grants are one to John Gerhart for 30 acres, dated in February, 1834, and one to the same person, dated in March, 1837, for

100 acres, and a small strip or extension of elder patents that interfere with the McNew patent, the entire exclusions amounting to about 210 acres, and ascertained by actual survey.

There are two patents junior in date to the McNew patent, one to a man by the name of Justice, dated in May, 1852, and the other to the defendant, dated in September, 1871. These patents, the proof conduces to show, lie within the McNew patent. There is no claim by the appellee of his right to recover any of the land held under the elder grants; but the controversy is with the junior patentees, and the question of fact arising between these conflicting claims we will not consider, as the case must go back for another trial. The exclusions or elder grants within the boundary of the McNew patent, under which the appellee claims, are not identified or mentioned in the patent to McNew; neither described by boundary or by the name of the patentee or grantee. The McNew patent proceeds to define the specific boundaries of the patent, as much so as the courses and distances in an ordinary deed, the number of acres as being 1,248, and excluding therefrom *the number of acres contained in prior grants,* and that number is 210½ acres, as the survey shows. It is insisted by the appellant that the patent to McNew is void for uncertainty, and that no action can be maintained as against the junior patentees for that reason. If in every patent that contains exclusions it is necessary to describe the grant excluded, or to so identify it, either as to the number of acres, the boundary, or by giving the name of the grantee or the patentee of

the elder grant, then the patent to McNew in this case is void, as it is silent as to the boundary, the number of acres, or the owners of the excluded land.

We perceive no reason why such a grant should be held void, or the party under such a patent denied the right of showing title in himself to all but the exclusions contained in the grant. The burden is on the plaintiff in such a case to show that he is outside of the excluded territory, and not encroaching on the elder grant that he concedes, by the patent under which he claims, to be superior to his. If McNew had made the survey as accurate and as specific, or even much less so than his patent shows, without mentioning any elder grant as being within his boundary, it will not be pretended that his patent would be void. The law would then exclude from his patent that which was paramount in title, and that which he has, in this case, excluded by the terms of his grant. If he had brought his ejectment, with the exclusion mentioned in the patent erased entirely from its provisions, the law would have said to him that he acquired no right to the elder possession or grant, because it was paramount to his; and the fact that he mentions prior grants in his patent without identifying them, can have no greater effect in weakening his title. If the elder grants are excluded, he recovers, as a matter of right, the balance of the land within his boundary. The principle recognized in the case of Hamilton v. Fugett, 81 Ky., 336, has been misconceived or misunderstood, because, in the discussion of that case, this court said there were exclusions within the boundary of the Amyx patent that had not been

identified or described, with a survey so vague and indefinite as that no court would permit a recovery in ejectment against a party in possession upon such a title. The argument was, that no definite location of the exterior survey of the patent could be had; and, to make the case still stronger, no boundary or specification of the excluded land had been given. The Amyx patent was for 74,886 acres, excluding 60,518 acres prior grants, with no description of the excluded 60,518 acres—no lines, corners, distances or bounds whatever given. "The dividing lines of counties, with such courses and distances, are called for with reference to the 74,886 acres as indicate an effort to appropriate whatever vacant lands might exist, without regard to the rights of those who resided within the sweeping lines thrown around them by the survey. *The patent is so uncertain as to enable the patentee to locate the 60,518 acres in any part of the boundary. The patent leaves every thing in doubt and uncertainty.*"

In Hillman v. Hurley, 82 Ky., 626, the patentee was asserting title to 4,000 acres of land out of a patent of 9,551. The grant was so indefinite and uncertain, both as to the boundary of the patent and the exclusion, as to render it impossible to locate the land; still, it is insisted by counsel, that motives of public policy must have influenced the decision in Hamilton v. Fugett, as if no patent could be held void or a recovery denied, although there is no certainty as to its extent, boundary or the exclusions contained in it. In other words, that a patent for all the land in Bell county, not otherwise appropriated, must be held as

investing the patentee with title until declared void
by some direct proceeding on the part of the State.
No such patent should or will be held valid by this
court. It is not a material inquiry whether the pat-
ent embraces a large or small quantity of land within
its boundary. The same uncertainty as to the ex-
terior boundary may exist as well in the one case as
in the other; and when the plaintiff, by his eject-
ment or bill in equity, attempts to recover on a
patent not only indefinite as to the exterior bound-
ary, but of such a character in its description as to
enable him to locate the excluded land, which he ad-
mits is held under a paramount title, in any part of
the survey or patent he may select, the same result
will follow as in Hamilton v. Fugett. A mere unde-
scribed exclusion will not vitiate a patent. Such a
ruling would be unreasonable, as much so as to hold
that this court has no power to declare a patent void
in a proceeding against those in possession under an
adverse claim, that is so uncertain as to its boundary
as not to admit of any definite location. If the mere
exclusions in a patent will make the patent void, then
no patent that embraces land previously patented ought
to be sustained if the junior patentee has knowledge
that his patent covers other land than that which is
vacant, and which he has the right to appropriate.
Such has never been the rule, and a mere conflict in
the boundaries, or an extension by the junior patentee
of his boundary into the elder grant, will not vitiate
the entire patent.

In this case the exterior boundary is well defined,
and its effect is to give the appellee the unappropri-

ated land, except the exclusions under paramount titles. We are now discussing solely the character of the patent and its validity as to junior grants. Whether possession has been adverse under the junior grants, or whether they interfere with the elder grants, is a question we are not disposed in the present aspect of the case to consider.

It seems to us the judgment in this case is too indefinite. It gives to the appellee all the land, except a small inclosure, including the elder grants, when he is not claiming the exclusions. While the court ought not to adjudge that these lands belong to the defendant, they ought not to be given the plaintiff, or the defendant ousted from them at the instance of the plaintiff, if they are in the possession of any of the excluded territory. It is not necessary, however, to enlarge on this branch of the case, as it must go back for a trial at law, for the reason it has no place in a court of equity, unless by consent of the parties.

The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.