Breathitt Coal, Iron and Lúmber Co., The, v. Strong, &c.

CASE 86—EJECTMENT—MAY 26.

# Breathitt Coal, Iron and Lumber Co., The v. Strong, Etc.

### APPEAL FROM BREATHITT CIRCUIT COURT.

EJECTMENT—PATENTS—DEFINITENESS REQUIRED.—Where the exterior lines of a patent boundary are sufficiently definite to locate the land, the patent is not invalidated by excluding unidentified tracts within the boundary held under prior grants.

B. M. BURDETT, J. E. PATRICK, MAT. WALTON AND W. S. PRYOR FOR APPELLANT.

Validity of patent. First, its regularity.

Second, not void for uncertainty of the description of boundaries. Board v. Head, 3 Dana, 490; Taylor v. Com., 15 B. M., 18; Camp v. Prather, 7 B. M., 599; Boardman v. Lessees of Reid and Ford, &c., U. S. Rep., No. 345, 2 vol., 502; Am. & Eng. Ency. of Law, vol. 5, p. 423; Ballards Real Estate, sec. 95.

Third, as to exclusions not specifically described. Drake v. Ramsey, Hardin's Rep., 34; Craig v. Cogar, Hardin's Rep., 384; Overton and Reid v. Robert, 4 Bibb, 156; 1 Bibb, 60; Hamilton v. Fugett, 81 Ky., 367; Hall v. Martin, 89 Ky., 9; Ballowe v. Hillman, 18 Ky. Law Rep., 677; Register v. Reid, 9 B., 103.

W. S. PRYOR IN A SEPARATE BRIEF FOR THE APPELLANT.

The demurrer to the petition should have been overruled. There is nothing in the petition to indicate any uncertainty or want of description in the boundary of land sued for. The case of Hamilton v. Fugett, 81 Ky., 367, is of questionable authority, and if it is to be deemed in point, was overruled by the case of Hall v. Martin, 89 Ky., 9.

MARCUM & POLLARD FOR THE APPELLEES.

1. The exterior boundary described in the petition is indefinite, uncertain and the lines too sweeping, and because the exclusions to be made are indefinite and uncertain. Hamilton v. Fugett, 81 Ky., 367; Hillman v. Hurley, 82 Ky., 630; Craig v. Williams, 82 Ky., 161; Roberts v. Davidson, 83 Ky., 280.

2. The statute in force at the date of the survey and issual of this patent did not authorize the issual of the county court order or the taking of a survey or granting a patent plat for less than

Breathitt Coal, Iron and Lumber Co., The, v. Strong, &c.

25 nor more than 200 acres. Register v. Reid, 9 Bush, 106; Revised Stats., ch. 102, sec. 3.

SAME COUNSEL FOR THE APPELLEE IN A PETITION FOR A REHEARING.

PATRICK, WALTON, PRYOR AND BURDETT FOR APPELLANTS IN RESPONSE TO A PETITION FOR A REHEARING.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This appeal calls in question the validity of a patent issued by the Commonwealth of Kentucky to Stephen G. Reid on June 15, 1872, for one hundred and fifty-four thousand eight hundred acres of land, which excluded twenty-five thousand acres "of patented and otherwise appropriated land, which is deducted from the calculation." The courses and distances are given in describing the outer boundary of the patent, most of the lines of which call for the meanders of streams of water. The others call for rocks and trees and the dividing lines of certain counties. The lines are so designated by the calls of the deed that any person familiar with the country where the patent is located could follow most of them without a compass, and a surveyor would have but little trouble in locating the lines designated by other calls in the patent. So it seems to us there is no uncertainty in the lines describing the boundary of land so as to even suggest the patent is invalid by reason of any uncertainty in the description of the land embraced in the patent. The only question which merits consideration is whether the patent is void by reason of its failure to describe the *excluded* boundaries. In 1805, in the case of Drake v. Ramsey & Logan, Hardin, 34, and in 1808, in Craig v. Cogar, Hardin, 386, this court held that patents containing exclusions without defining the boundaries of the land thus excluded were valid. The question again arose in 1815 in Overton & Reed v. Roberts, 4 Bibb, 156, where this court said: "It

is also objected that the entry under which the appellee derives claim, in calling for the exclusion of prior entries, is vague and invalid upon its face.

"Whatever doubts might exist as to the validity of this entry, were the objection now taken of the first impression, since the repeated decisions of this court sustain entries with like calls, it can not now be permitted to prevail.—See Hardin, 34, 384—1 Bibb, 60.

"With respect to land claims, the interest of the community certainly requires in an eminent degree uniformity of decisions; and this court, acting in obedience to that interest, as well as from a due respect to their former adjudications in the consideration of analogous cases, should yield to their influence."

There seems to have been no change in the opinion of this court with reference to such patents, unless it can be said to have occurred in 1881, when the opinion was delivered in Hamilton v. Fugett, &c., 81 Ky., 366, where it is claimed a contrary doctrine is announced. However, this court, in Hall v. Martin, 89 Ky., 9 [11 S. W., 953], construed the opinion in Hamilton v. Fugett as not meaning to hold that a patent would be void because of its failure to describe the boundaries excluded. In Hall v. Martin the court reannounced its early doctrine upon this question, and held that a patent is not void merely because it excluded prior grants without identifying or describing them, and that where a patent is indefinite, both as to the exterior boundary and to the exclusions, it is void for uncertainty. It was held in Ballowe, &c., v. Hillman, &c., 18 Ky. Law Rep., 677 [37 S. W., 950], that a patent for seventy-five thousand acres of land, giving the outer boundary, and then excluding "all those surveys of land to which there is now a lawful title," without designating the boun-

daries excluded, is not void for uncertainty, but passed the title to all the vacant and unappropriated land in the boundary called for by the patent.

It is unnecessary to go into a discussion of the question as to whether the doctrine announced by this court on this question almost a century ago is correct. It is sufficient to say that this court, in Hall v. Martin, and in Ballowe v. Hillman reaffirmed it with elaboration, and it must be accepted as the settled doctrine of this court. On such an important question as is here involved, the opinion of the court should be so certain in its meaning that the legal profession will not be in doubt as to what is the settled doctrine; hence we have said that the early cases of the court and those of Hall v. Martin and Ballowe v. Hillman enunciate the settled doctrine of the court.

The court erred in sustaining a demurrer to the petition.

The judgment is reversed for proceedings consistent with this opinion.