CASE 28—ACTION IN EJECTMENT—OCT. 16.

## West v. Chamberlain, &c.

APPEAL FROM WHITLEY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

LAND PATENTS—BOUNDARIES—UNCERTAINTY OF EXCLUSION—CHAMPERTY.

Held: 1. A patent in which the outside lines are fixed and certain by courses distances and natural objects, is not rendered void by the uncertainty of the exclusions from the boundary granted.

2. A deed to land in the actual adverse possession of another is champertous and void.

JAMES DENTON & J. N. SHARP, ATTORNEYS FOR APPELLANT.

1. The patent is void. It calls for 9,600 acres of land, but excludes all the lands patented prior to Aug. 30, 1854, and a number of entries aggregating 1,300 acres, while the whole exterior boundary embraces 64,000 acres.

2. The evidence does not show the land in controversy to be outside the exclusions of the patent.

3. The demurrer should not have been sustained to the paragraph pleading champerty.

4. The right of the appellant under the claim of adverse possession is not sufficiently denied.

West v. Chamberlain &c.

5. The appellees show no title under the patent or in connection with it.

### AUTHORITIES CITED.

Patent void, Hamilton v. Fugate, 81 Ky., 366; Roberts v. Davidson, 83 Ky., 279; Whitley County Land Co. v. Lawson, 15 Ky. Law Rep., 401; Hillman v. Hurley, 82 Ky., 626. Evidence insufficient, Paul v. Martin, 89 Ky., 79; Champerty Plea, Ky. Stats. sec. 210.

GEORGE P. JOHNSON & W. S. PRYOR, FOR APPELLEE.

1. A patent is not void merely because it excludes prior grants without identifying them. It is only when such a patent is indefinite as to the exterior boundary, *and* the exclusions, that it is void for uncertainty.
2. Tested by this rule, I am sure the patent in this case will stand. Hamilton v. Fugate, 81 Ky., 366; Hall v. Martin, 80 Ky. p. 9; Ballowe &c. v. Hillman &c., 18 Ky. Law Rep. 677.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

This is an action of ejectment by appellees, with a trial before the court without a jury. There is no bill of exceptions filed, and there is therefore nothing before us but the pleadings and judgment. The petition alleges ownership in a certain described boundary of land of many thousand acres, less some excluded surveys, and that appellant has wrongfully entered into and is in possession of the land within the boundary, and not within the excluded surveys. The answer sets forth the amount, extent, and boundary of appellant's claim, admitting it is within the outside boundary of the large tract described. He pleads his ownership, and his possession for more than fifteen years next before the institution of the action. In a second paragraph it is pleaded that the patent under which appellees claim is void for uncertainty, and because there were in fact no surveys made by the order of the county court on which the patent is based. In a third paragraph is pleaded that, at the date of the execution of certain deeds under which

appellees alleged they held title, the appellant was in the actual adverse possession of the land, claiming the same as his own, and that, therefore, the deeds were champer‑ tous and void, which fact is relied on in defense of the action. The court sustained a demurrer to the second and third paragraphs of the answer, and in this condition the trial was had, resulting in a judgment for appellees, and hence this appeal.

The question as to the validity of the patent of appel‑ lees depends, not on the excluded boundaries or surveys inside the lines, but upon the outside lines of the patent itself. This question seems to have been decided both ways by this court. The cases of Hamilton v. Fugett, 81 Ky., 366, Hillman v. Hurley, 82 Ky., 626, and Roberts v. Davidson, 83 Ky., 279, would hold the patent void for un‑ certainty; while the older cases of Drake v. Ramsey, Har‑ din 34, Craig v. Cogar, Hardin, 386, and Overton v. Rob‑ erts, 4 Bibb, 156, and the later cases of Hall v. Martin, 89 Ky., 9, (11 S. W., 953;) Ballowe v. Hillman (Ky. 37 S. W., 950, and the case of Lumber Co. v. Strong (Ky.) 51 S. W., 189, all would hold the patent valid. The last case *supra* seems to discuss these cases, and finally concludes that Hamilton v. Fugett was overruled, and the later cases the settled law of this State. We have no desire to dis‑ cuss these several opinions, or to undertake to reconcile, if possible, their differences. We prefer to accept as the settled law that the uncertainty of the exclusions from the boundary granted will not avoid a patent where the out‑ side lines are fixed and certain by courses, distances, and natural objects, as in the case with the patent here. We conclude, therefore, that the demurrer to the second par‑ agraph of the answer was properly sustained.

The third paragraph of the answer, pleading that the deeds to appellees were champertous and void, because at their date the appellant was in the actual, adverse pos. session of the land, presented 'a defense, and, in our opin. ion, was sufficiently pleaded. The demurrer to the third paragraph of the answer should have been overruled. Section 212, Kentucky Statutes. For the error indicated, the judgment is reversed, and the cause remanded for new trial and for further proceedings consistent herewith.