## Boyatt v. Stearns Coal & Lumber Company, et al.

(Decided January 16, 1918.)

### Appeal from McCreary Circuit Court.

1.  Trespass to Try Title—Proof.—In an action of trespass to try title, plaintiffs proved title under the Hudson and Wait patent of 1855 based on warrants issued by Whitley county, and also under patents issued August 8, 1882, on separate surveys of 200 acres each after the land in controversy was located in Whitley county by "an act to establish the dividing line between the counties of Wayne and Whitley in this State," which became a law April 22, 1882, acts 1881-82, vol. 2, page 815. No grant prior to these subsequent patents other than the Hudson and Wait patent, was shown: Held, that even if the Hudson and Wait patent was void as to the land in controversy because the land then lay in Wayne county and not in Whitley county which issued the warrants, a question not necessary to be decided, plaintiffs proved a good title of record under the subsequent patents of 1882 issued on surveys made after the land was clearly located in Whitley county by the act referred to.

2.  Adverse Possession—Color of Title—Deed—Delivery—Possession. —Even if an unrecorded deed may constitute color of title, a question not decided, it is necessary that the grantee take and hold possession thereunder.

3.  Adverse Possession—Color of Title—Deed—Delivery—Presumption.—While it is the rule that a deed found in the possession of the grantee, will be presumed to have been delivered on the day of its date and its mere subsequent acknowledgment does not change this presumption, this presumption may be overcome by other circumstances.

4.  Adverse Possession—Color of Title—Deed—Delivery—Presumption.—Where there is no proof of the delivery of a deed except that arising from its acknowledgment and recording, and it appears that the grantor had no title, that the deed was not acknowledged and recorded until about eleven years after its date, and that the grantee immediately reconveyed to the grantor, and that the grantor two years after the date of the deed sold the land to another, who retained possession for two or three years and then delivered the possession to the grantor, these facts are sufficient to overcome the presumption that the deed was delivered on the day of its date and to raise the presumption that it was not delivered until it was acknowledged.

5.  Adverse Possession—Extent of Occupancy—Color of Title.—The only way that an adversary entrant on land may extend his possession beyond his close as against the superior title holders, is to claim and hold the remainder of the land, either under color of title or to a well marked boundary for a period of fifteen years.

6.  Adverse Possession—Extent of Occupancy—Color of Title—Well

Marked Boundary—Evidence.—In an action of trespass to try title, evidence that defendants, who had entered upon and enclosed a portion of the land, claimed and held the remainder either under color of title or to a well marked boundary for a period of 15 years, examined and held insufficient to make a question for the jury.

HENRY C. GILLIS and L. G. CAMPBELL for appellant.

E. L. STEPHENS and WILLIAM WADDLE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, Stearns Coal and Lumber Company, and Kentucky-Tennessee Property Company, sued F. M. Boyatt, Andy Boyatt and others in trespass to try a title to certain tracts of land in Whitley county. A trial before a jury resulted in a verdict and judgment in favor of the defendants, on their plea of adverse possession. On appeal to this court it was held that the Boyatts had never been in the adverse possession of any portion of the lands in controversy beyond their actual enclosures and that with the exception of the lands embraced within their enclosures, plaintiffs were entitled to a peremptory instruction. Stearns Coal & Lumber Company, et al. v. Boyatt, et al, 168 Ky. 111, 181 S. W. 962. On the return of the case the question of defendants' adverse possession of the enclosed lands was submitted to the jury which returned a verdict in their favor. As to the lands outside the enclosures, the jury was instructed to find for plaintiffs. Judgment was entered accordingly and only F. M. Boyatt appeals.

The first ground urged for a reversal is that plaintiffs failed to show title of record to the land in dispute. This contention is predicated on the claim that the Hudson and Wait patent of 1855 was void as to the land in controversy, because the land then lay in Wayne county and the patent was based on warrants issued by Whitley county. This phase of the case we deem it unnecessary to discuss. By "an act to establish the dividing line between the counties of Wayne and Whitley in this State," which became a law April 22, 1882, acts 1881-82, vol. 2, page 815, the land in controversy even if theretofore in Wayne county, became a part of Whitley county, and immediately thereafter the owners of the Hudson and Wait patent caused the land there embraced to be resurveyed and blocked into tracts of 200 acres each and patents to

be issued thereon on August 8, 1882. It was not shown that the tract in dispute was covered by any grant other than the Hudson and Wait patent issued prior to the patents of 1882. That being true, it follows that even if the Hudson and Wait patent was void as to the land in dispute, a question not necessary to be decided, plaintiffs nevertheless proved a good title of record under the patents of 1882, which were issued on surveys made after the land in dispute was clearly located in Whitley county by the act above referred to.

But it is argued that the evidence of adverse possession of F. M. Boyatt and those through whom he claims, was sufficient to make a question for the jury. In this connection it is argued that the evidence tended to show that F. M. Boyatt and his predecessors in title, entered upon the land in controversy long prior to any possession by plaintiffs and those through whom they claim, improved and enclosed a portion of the land and occupied and claimed the remainder for a period of fifteen years, not only to a well marked boundary but also under color of title. The claim of a holding to a well marked boundary may be summarily disposed of by the statement that no well marked boundary was shown. When we come to the question of an adverse holding under color of title, we find in the record two deeds, one from Elisha Boyatt, Jr., to Wm. Anderson, dated November 15, 1890, acknowledged April 13, 1901, and recorded April 19, 1901; the other from Wm. Anderson and wife to Elisha Boyatt, Jr., dated April 23, 1901, acknowledged June 8, 1901, and recorded June 11, 1901. We further find that Frank Musgrove, who claims to have put the improvements on the land, testified that he bought the land from Elisha Boyatt in the year 1892, but received no deed for it. He also says that he held the land for two or three years and then "recanted the trade" by delivering possession to Elisha Boyatt, who paid him for the improvements he had made. The contention is made that the deed from Elisha Boyatt, Jr., to Wm. Anderson, though not recorded until April 19, 1901, was color of title from its date, November 15, 1890. It is unnecessary to determine in this case whether an unrecorded deed will constitute color of title, for there is no proof that the deed in question was delivered to Wm. Anderson before it was acknowledged and recorded and that he took and held possession under the deed.

The only proof of delivery is the presumption arising from the acknowledgment and recording of the deed. While it is the rule that a deed found in the possession of the grantee will be presumed to have been delivered on the day of its date and its mere subsequent acknowledgment does not change this presumption, Ford &c. v. Gregory's Heirs, 10 B. Monroe 175; Breckenridges v. Todd, 3 T. B. Monroe, 52 L. 6 Am. Dec. 83, this presumption may be overcome by other circumstances. Here Elisha Boyatt, Jr., had no title of any kind to the land in controversy. Though the deed from him to Wm. Anderson was dated November 15, 1890, he sold the land to Frank Musgrove two years later and Musgrove retained possession for two or three years. The deed was not acknowledged and recorded until about eleven years after its date. Immediately after it was acknowledged and recorded, the grantee, Wm. Anderson, reconveyed the land to Elisha Boyatt, Jr., his grantor. In our opinion, these circumstances were sufficient to overcome the presumption that the deed was delivered on the day of its date and to raise the presumption that it was not delivered until it was acknowledged. The only way that F. M. Boyatt and those through whom he claims, could have extended their possession beyond their close against plaintiffs and their predecessors in title, who were the superior title holders, was to claim and hold the remainder of the land, either under color of title or to a well marked boundary for a period of 15 years. LeMoyne v. Hays, 145 Ky. 415, 140 S. W. 552; Lipps v. Turner, 164 Ky. 626, 176 S. W. 42. Since the evidence utterly failed to show an adverse holding for that period either to a well marked boundary or under color of title, it follows that the trial court properly directed a verdict in favor of plaintiffs. This conclusion makes it unnecessary to pass on the character of plaintiff's possession.

Judgment affirmed.

Whole court sitting, except Judge Sampson.