### Bryant v. Meadors, et al.

(Decided March 21, 1919.)

Appeal from Whitley Circuit Court.

1. **Trespass—Title—Evidence.**—In an action to enjoin trespass where only the title of plaintiff is put in issue, his success de-

pends upon the strength of his own title and not upon any weakness in that of the defendant.

2. Public Lands—Patents—Title—Evidence.—But where the validity of plaintiff's title depends upon whether or not a previous survey, the basis of defendant's patent, is an exclusion by the terms of plaintiff's patent or invalidates it pro tanto under section 4704 of the Statutes, it becomes necessary in order to determine the validity of plaintiff's patent to ascertain whether or not defendant's prior survey is valid, since only legal subsisting prior surveys are excluded from or invalidate a subsequent survey or patent.

3. Public Lands—Entry, Survey and Patent.—Land warrants issued by the Whitley County Court under the acts of the Legislature of 1835 and 1837, in consideration of bonds rather than cash, and entries and surveys made thereon, are legal only if actually paid for in money or labor and filed together with any plat or certificate of survey made thereon, with register of the land office on or before March 1, 1852, as required by the acts of 1850 and 1851, and the defendant's survey and the land warrant under which it was made, not having been thus legalized, was not a legal subsisting previous survey; and was not an exclusion from nor did it invalidate plaintiff's subsequent entry, survey or patent.

4. Public Lands—Validity of Patent.—While a patent valid on its face can not ordinarily be attacked collaterally, upon such an attack the warrant, certificate of survey and other papers required to be filed in the land office and referred to in the patent as authority for its issuance, may be read with the patent to show its invalidity.

5. Public Lands—Patents.—Parties can not acquire under an invalid survey or patent such vested interests as alone will defeat a valid patent.

6. Public Lands—Survey—Title.—The fact that in an old suit to which plaintiff was neither a party nor a privy, an attack failed upon defendant's survey does not estop her from asserting her title, although she or her agents were living in the vicinity of the land at the time.

STEPHENS & STEELY for appellant.

TYE & SILER and POPE & ROSE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant, who was plaintiff below, sought by this action to enjoin appellees from trespassing and cutting trees upon about sixty-five acres of land adjoining the town of Pine Knot, now in McCreary, but formerly in Whitley county; and although she must of course recover upon the strength of her own title, and not upon any weakness of that of the defendant, since only her title

is put in issue, strangely enough, the question involved is whether or not a survey made December 21, 1853, upon which, on December 10, 1872, a patent for 200 acres was issued to Jacob E. Harmon, through whom the defendants claim title, was a valid survey. This is true because the patent under which plaintiff claims was issued October 18, 1855, on a survey made August 30, 1854, to Wait and Hudson, for 9,600 acres, nearly twenty years before the Harmon survey was carried into grant, and the land in controversy is shown to be within its exterior lines and outside its exclusions, unless the prior Harmon survey is an exclusion or *pro tanto* invalidates the Wait and Hudson patent which has been upheld as a valid patent by this court many times. (See West v. Chamberland, 109 Ky. 194; Bryant v. Stephen, 26 R. 718; Bryant v. Strunk, 28 R. 556; Steele v. Bryant, 132 Ky. 569; Bryant v. Prewitt, 132 Ky. 799; Slaven v. Darity, 142 Ky. 640; Watts v. Bryant, 144 Ky. 14; Bryant v. Kentucky Lumber Co., 144 Ky. 755; Bryant v. Strunk, 151 Ky. 97; Ford v. Bryant, 158 Ky. 97; Bryant v. Arnold, 161 Ky. 736; Boyatt v. Stearn Coal Co., 178 Ky. 674.)

Both patents cover the land in controversy, and the Wait and Hudson patent by its terms excludes "all land previously surveyed." But whether this were true or not, it would have been void under sec. 704 of the Kentucky Statutes, as to all land included which had been previously surveyed, and it is insisted by counsel for appellees that as the survey for their patent was made December 21, 1853, and appellant's survey was not made until August 30, 1854, nor his patent issued until October 18, 1855, their land was excluded from his patent both by its terms and by the statute. This however, is not necessarily true, because it is only subsisting legal entries and surveys that are excluded by such a reference in a patent, and for which the statute invalidates subsequent entries, surveys or patents. (Stansberry's Heirs v. Pope, 5 J. J. Mar. 192; Bryant v. Kentucky Lumber Co., 144 Ky. 755; Ford v. Bryant, 158 Ky. 97; Mason v. Fuson, 171 Ky. 111; Stephens v. Terry, 178 Ky. 129.)

It therefore becomes necessary to determine whether or not defendants' survey made by Harmon December 21, 1853, was a valid survey, in order to determine the validity of plaintiff's title under a subsequent survey and patent. The Harmon patent recites "that by virtue and in consideration of an order from the Whitley county

court, there is granted by the said Commonwealth unto Jacob E. Harmon, assignee of Cox, Williams and Mc-Lancy, a certain tract or parcel of land containing 200 acres, by survey bearing date of 21st day of December, 1853, lying and being, &c., &c.'' The order from the Whitley county court, referred to above as authority for the issuance of the patent as shown by the records of the Kentucky Land Office, is Whitley County Land Warrant No. 464, and shows upon its face that it was issued on February 25, 1851, in consideration of a bond for $1,000.00, and not for cash as required by the acts of the legislature of 1835 and 1837, which authorized the issuance of such warrants by the county courts as the first necessary step in acquiring title by patent from the Commonwealth to vacant lands. It having been brought to the attention of the legislature that a great many such warrants had been issued by the Whitley county court for bonds instead of cash, the legislature, by special acts approved March 5, 1850, and March 8, 1851, legalized all such warrants irregularly issued by the Whitley county court, upon condition that they actually be paid for in money or labor and be filed, together with any plat or certificate or survey made thereon, with the register of the land office, on or before March 1, 1852.

In considering these acts and in determining the validity of the precise warrant No. 464, issued by the Whitley county court, this court, in the case of Bryant v. Kentucky Lumber Co., *supra*, said:

''The plain purpose of this act (the one approved March 8, 1851) was to require all these matters to be closed up by March 1, 1852; that is, the parties who had made these surveys were given a year to pay the price and take out their grants. The necessary meaning of the statute is that they were required to pay the price and register their surveys within the time specified and that they could not do so thereafter.''

This court again in the case of Stephens v. Terry, *supra*, held Whitley County Land Warrant No. 464 invalid. It is therefore apparent that the survey made December 21, 1853, upon which the Harmon patent rests, was not a valid subsisting survey when the Wait and Hudson survey was made and the patent issued thereon, and therefore neither excluded nor invalidated any part of the land included in the Wait and Hudson survey and patent; and of like impotency was the payment to the

Whitley county court September 1, 1872, that portion of the money due for the Harmon survey upon the bond upon which warrant No. 464 was illegally issued, as this was done long after the expiration of the time given by the legislature for making payments to legalize such warrants.

But counsel for appellees insist that since this is a collateral attack upon their patent, which is regular upon its face, its validity can not be questioned in this action. They overlook the fact, however, that it is not the validity of their patent that is in question here, but the validity of plaintiff's patent, so far as the land in question is concerned, depends upon whether their survey was a valid subsisting survey so as to constitute an exclusion by the terms of plaintiff's patent and *pro tanto* render same void under sec. 4704 of the statutes.

Hence there is no place here for the application of the rule that a patent valid upon its face can not be collaterally attacked; even if it were otherwise, this case falls within one of the recognized exceptions to that rule, since defendant's patent upon its face purports to have been based, and is shown by the records to have been issued upon Whitley County Land Warrant No. 464, and the survey of December 21, 1853, and as stated in Bryant v. Kentucky Lumber Co., *supra,* these papers may be read with the patent to show its invalidity upon a collateral attack.

We are also urged by counsel for appellees not to declare their survey illegal upon the ground that to do so will disturb numerous and valuable vested interests of many citizens of the town of Pine Knot, which is largely built upon the northern half of the Harmon patent; but even if this were true, that fact could not under any principle of law with which we are familiar, control our decision of this case to which none of the owners of these vested interests is a party; however, as a matter of fact, from the evidence in this case, counsels' fears do not seem to be warranted, because plaintiff's son and her only witness, testifies that his mother and those under whom she claims, many years ago sold and conveyed the surface of the land upon which Pine Knot is largely built, and that the parties who now own and have improved this land claim and hold same by title derived through her and her vendors, and that she now claims no interest in

any part of the surface of the Harmon patent, except that involved here.

Another contention advanced by appellees, is that because in an old suit to which plaintiff was neither a party nor privy, an attack upon the validity of the Harmon patent failed, she is estopped to deny its validity because she or her agents in charge of her property in the vicinity must have known of this contest and its outcome; but these facts are clearly insufficient to constitute an estoppel, even if one had been pleaded, which was not done.

These conclusions render it unnecessary for us to consider the plea of adverse possession by which plaintiff also attempts to establish title to a part of the land in controversy.

For the reasons indicated, the judgment is reversed and the cause remanded with instructions to grant plaintiff the relief asked.