## Dils et al. v. Kentland Coal & Coke Company et al.

(Decided February 22, 1929.)

STRATTON & STEPHENSON for appellants.

JOHN F. HAGER, HARMAN, FRANCIS & HOBSON, W. G. FLEU and HAGER, PRICHARD & MALIN for appellee Kentland Coal & Coke Company.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a suit brought under section 490, subsection 2, of the Civil Code, for the sale of jointly owned real estate on the ground of indivisibility. The lower court dismissed plaintiffs' petition, and they have appealed.

The exterior boundaries of the land described in the petition and sought to be sold are the same as the boundaries set out in the patent to A. F. Baum and Daniel English dated October 12, 1871. The Baum and English patent purported a grant of 18,000 acres after "excluding 19,200 acres for prior claims." On June 24, 1872, John Dils and Benjamin Williamson were granted a patent for 37,000 acres of land from which 22,000 acres were excluded for prior grants. The words of exclusion in the patent are: "There being 22,000 acres of former or prior claims in said boundary, which is excluded in the calculation of this plat leaving therein 15,000 acres." The exterior lines of the two patents are identical.

In 1889 the claimants under these two patents became involved in litigation. An agreed order was entered in the case then pending in the lower court that the land should be held in proportional interests of one-third each to Joseph Hall, John Dils, Jr., and W. J. Williamson. The appellant, J. A. Dils, now holds the one-third interest of John Dils, and the appellants M. Florine Hall, Mabel R. Hall, and Charles B. Hall hold the one-third interest owned by their father, Joseph Hall, who died intestate. It is alleged in the petition that the one-third interest of W. J. Williamson, after passing through the hands of a number of grantees, was acquired by the appellees Kentland Coal & Coke Company and C. A. Palmer. In the petition the description of the entire tract of 37,000 acres is set out, and, after the description, a number of surveys and patents are excluded. The description of these patents is not set out, but each is identified by the name of the patentee, date granted, acreage and deed book and page where recorded. There are 257 of these excluded patents, and the total acreage excluded is 31,871, leaving approximately 5,000 acres alleged to be covered by the Dils-Williamson patent and owned by appellants and appellees.

Appellees insist that both the Dils-Williamson and the Baum-English patents are void because of uncertainty as to the location of the excluded land, and they rely upon the case of Hamilton v. Fugett, 81 Ky. 366, 3 Ky. Law Rep. 158. This case, however, has been overruled, and a contrary doctrine has been announced in a number of cases. Hall v. Martin, 89 Ky. 9, 11 S. W. 953; West v. Chamberlain, 109 Ky. 194, 58 S. W. 584, 22 Ky. Law Rep. 687; Stephens v. Terry, 178 Ky. 133, 198 S. W. 768; Bryant v. Meadors, 183 Ky. 653, 210 S. W. 177.

The chancellor dismissed the petition upon the ground, among others, that there was no showing that the land could not be divided without materially impairing its value. The evidence shows that it is very doubtful if there is any unappropriated land within the boundaries of the Dils-Williamson patent, and, if any, no effort is made to show its extent or location. An order for the sale of such land as may be owned jointly by the appellants and appellees would result in selling an indefinite and uncertain thing. If the parties own the amount of land claimed by appellants, then there is nothing to authorize a court to say that such a quantity of land is indivisible. The presumption would be that it would be divisible into three parts. The appellants having offered no evidence to show the extent of the land owned by them or its location or character, the chancellor properly dismissed their petition.

Appellants insist that, since appellee Kentland Coal & Coke Company acquired title to its interest in the land through the W. J. Williamson interest, it is estopped from denying the title of its cotenants. The Kentland Coal & Coke Company admitted that it purchased a one-third interest from a grantee under the Dils-Williamson patent, but claims that it made this purchase to avoid litigation and to quiet its title to that extent, and that it did not recognize the validity of that title, nor did it claim under it, but that it had acquired title from the owners of senior patents and from those who had acquired title by adverse possession. The mere fact that it purchased an outstanding claim does not necessarily prove that it thereby recognized that such title was paramount to the title it had theretofore acquired, and, if it is not relying upon the title which traces to a common source, it is not estopped to deny the validity of the appellants' title. In Cavin v. Little, 213 Ky. 482, 281 S. W. 480, this court said:

"One has the right to buy his peace and to do so may take title from one whom he does not regard as having any right or title in the property in order to close his mouth and to avoid litigation. By taking such title one does not admit that it is paramount to that under which he held before but may rely upon it only to bar a claimant who would assert title under that chain which the grantee has lately acquired."

Considering the state of the record, we are unable to determine whether or not there are any lands within the

164

boundaries of the Dils-Williamson patent that are now owned by those claiming title under that patent, and, if any, whether or not they can be divided, and we are therefore of opinion that the chancellor properly dismissed the petition.

Wherefore the judgment is affirmed.