Judge Owsley
delivered the opinion of the court.*
This is an appeal from a judgment recovered by Buckner, in an ejectment brought against him by Taylor in the court below.
On the trial in that court, Buckner relying upon his possession, introduced evidence conducing to prove that, Philip Buckner, under whom he claims, upwards of twenty years before the commencement of this action, went upon the land in contest, and having, with the aid of the county surveyor, ascertained the patent boundary of Stephens’ 2000 acre survey, took possession thereof, claiming under Stephens, and that Philip Buckner and the appellee claiming under him, have held the uninterrupted possession from that time until the bringing this suit, and having also introduced as evidence a copy of a decree of the circuit court of the U. States for the Kentucky district, pronounced in favor of Philip Buckner in 1807, against Stephens for the land, and a deed from Philip Buckner to the appellee, bearing date in 1816, but without any deed having been executed by Stephens, or any other person on his behalf, under the decree, and without any other evidence of right from Stephens; the court were asked to instruct the jury, that, the possession of Buckner should be confined to his actual close twenty years before the commencement of the ejectment; but the instructions asked were refused, and the jury instructed that if they believed Philip Buckner entered upon the land, claiming it as Stephens’s, and that the possession under him has been continued down more than twenty years before this suit was brought, although Stephens may not have authorised the entry, they should find for the appellee; unless Bartlett, the patentee, under whom the appellant claims, or some person for him, within that time entered upon the land.
In reviewing the decisions of the court below, two questions arise, 1st, upon the facts supposed in the instructions—does the possession of the appellee and Philip Buckner, under whom he claims, bar the appellant’s right to recover any part of the land in contest? and if for any part, 2d, how much?
That the possession constitutes a bar, we entertain no *19 doubt. No principle is better settled, or more universally understood, than that to recover in an action of ejectment, a right of entry must be proven to be in the lessor of the plaintiff: And by the plain and emphatic language of the statute limiting the time of making entries upon land, those having rights or titles of entries, are, expressly, interdicted from entering after the lapse of twenty years from the accrual of their rights.
An occupant possessing himself of a part of a tract of land, with intent to take possession of the whole, is possessed of the whole, tho’ it be done without the assent of the patentee, and without having himself any written evidence of right.
A possession so taken and held uninteruptedly for more than twenty years, tolls the right of entry of an adverse claimant to the limits of the claim possessed.
As, however, the limitation thus presented by the statute, must have been intended by its makers to protect the possession of others, the right of entry cannot be said so to have accrued, as for the limitation time to commence running, until an actual adverse possession is taken of the land: And hence the necessity, in order to raise a bar by length of possession, of proving a continued hostile possession for twenty years.
To create a possession of that description, it is not, however, essential, as was contended in argument, for the possessor to have any written evidence of title. If he entered with such evidences of title, it might not be improper, but would certainly be advisable, for the purpose of shewing, more clearly the true character of his possession, to introduce them in evidence on the trial. But as the possession may be adverse, without such evidences of title,—as, without them, there may be an ouster, either by disseisin, abatement, intrusion, or deforcement; to require the production of them would, certainly, tend, in a great degree, to defeat the object of the statute.
As, in the present case, therefore, Buckner is proven to have entered upon the land, claiming under an adverse title to that asserted by the appellant, we have no doubt but that he truly gained an adverse possession also, and that, by continuing that possession for twenty years, he not only raised a bar to the appellant’s rights, but also to the extent of the possession, gained a right of entry in himself.
And if the possession creates a bar to any extent, we have no doubt it must be so considered for the whole of the land now in contest. For although Buckner is not proven to have had any written evidence of title when he entered upon the land, and although he may not have been invested with a regular authority from Stephens to enter, yet as he is proven to have entered, after ascertaining the boundary of Stephens, claiming under him, he must, upon the principle which has invariably governed this court, have gained *20 the possession according to the boundary of Stephens, and as that boundary includes all of the land in contest, the court below decided correctly, upon the facts assumed, in instructing the jury to find for the appellee.
Hardin and Littell for appellant, Bibb contra.
But it is moreover contended that the court below erred in its further refusal to instruct the jury, at the instance of the appellant, that they ought to disregard the decree of the circuit court for the Kentucky district, pronounced against Stephens in favor of Philip Buckner, and the deed from Philip to Nicholas, the appellee.
There is no doubt the decree and deed cannot have passed Stephens’s title to the appellee, but although not sufficient for that purpose, we apprehend, they are not altogether irrelevant to the matter in contest, and should not have, been disregarded by the jury. Buckner, as we have already seen, was not bound to shew a regular deduction of title from Stephens, to enable him, by his length of possession, to bar Taylor’s right of entry; but as he entered, claiming under Stephens, the decree against Stephens and the deed from Philip Buckner, were admissible for the purpose of shewing, in connection with other evidence, the extent of his possession. The decree and deed, it is true, could not, from their date, tend to shew the extent of possession gained previously by the entry of Philip Buckner; but, as a continuation of the possession was also necessary to be proven, they were properly left with the jury, the more clearly to illustrate the nature and extent of the possession of Buckner when the decree was pronounced and the deed executed.
The judgment must be affirmed with cost.

 Absent, Judge Rowan.