CASE 38—FORCIBLE DETAINER—APRIL 11.

## Louisville & Nashville Railroad Co. v. Bickel.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION

NEW TRIAL—SURPRISE.—Where the right to recover in a forcible detainer proceeding was based upon the ground that one of the defendants, to whom plaintiff had leased the premises, had, without authority, sub-let them to his co-defendant, and it was not claimed upon the trial in the justice's court that plaintiff corporation or any of its officers had consented to the sub-let-

Louisville & Nashville Railroad Co. v. Bickel.

ting, the fact that upon the trial of the traverse in the circuit court the original lessee testified that plaintiff's president was notified by him of his purpose to sub-let the premises and assented thereto, was such a surprise as entitled plaintiff to a new trial upon that ground, plaintiff having upon the introduction of the unexpected testimony moved for a continuance upon the ground that it was taken by surprise and that its president was then absent from the State.

HELM & BRUCE FOR APPELLANT.

Appellant was entitled to a new trial upon the ground of surprise. (McFarland v. Clark, 9 Dana, 136; McCall v. Hitchcock, 9 Bush, 71; McKinney v. Commonwealth, 1 J. J. Mar., 319; Mahan v. Jane, 2 Bibb, 33.)

O'NEAL, PHELPS, PRYOR & SELLIGMAN FOR APPELLEES.

1. If a forfeiture is incurred from underletting, and the landlord accepts rent falling due after such sub-letting, with a knowledge of such fact, it is a waiver of the forfeiture. (Taylor's Landlord and Tenant, sec. 479; Whitchcot v. Fox, Cro. Jac., 398; 12 Am. & Eng. Enc. of Law, 758; Ireland v. Nichols, 2 Sweeney (N. Y.), 289; Roe v. Harrison, 2 T. R., 425.)

2. There was not such "surprise" as entitled appellant to a new trial.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee, Jacob Bickel, leased of the Louisville, Cincinnati & Lexington Railway Company for a period of twenty years a parcel of ground in Louisville. The appellant, Louisville & Nashville Railroad Company, acquired the property so leased, and succeeded to the rights in the lease, which were held by the Louisville, Cincinnati & Lexington Railway Company.

Without the consent, in writing, of the appellant, Bickel sub-let, for a period of several years, a part of the leased ground to the appellee, Lawrence Pezold. By the terms of the lease it is provided, in substance, that the lease shall not be assigned or transferred, in whole or in part, by

voluntary act or operation of law, nor shall the premises or any part of it be sub-let except by the consent of the lessor in writing.

It was further provided for a violation of the provisions named, should such violation continue for a space of thirty days, the lessor could terminate the lease after five days' notice in writing.

The appellant gave the appellees notice as required by the lease, of its purpose to claim the forfeiture and regain possession of the leased premises, and appellees failing to surrender the premises, a writ of forcible detainer was sued out before a justice of the peace, and at the trial of which the jury found appellees guilty of forcible detainer. They traversed the finding, and on the trial of the writ, in the court below, they were found not to be guilty of the forcible detainer.

On the motion and ground for a new trial several reasons were assigned why a new trial should be granted.

We will consider but one of the grounds filed, to-wit: Accident or surprise, which ordinary prudence could not have guarded against. It appears that at the trial the appellee, Jacob Bickel, testified, in substance, that M. H. Smith was the president of the Louisville & Nashville Railway Company. That about the time the lease was given to Pezold, Smith was made acquainted with appellee Bickel's purpose to sub-let part of the leased premises, and that he (Smith) consented thereto; that Smith was in the habit of passing the premises in going to his country home; that the business sign of the appellee, Pezold, was on the blacksmith shop. After this testimony was given, counsel for appellant filed his affidavit stating that it was a complete surprise to him, and that M. H. Smith was then in New York and would not return until the following week, and moved the court to

continue the case on the ground of surprise. The court
overruled the motion and proceeded with the trial.

On the motion for a new trial the appellant filed the affi-
davit of Helm Bruce, who, as counsel for appellant, con-
ducted the trial before the justice of the peace, and from
whose affidavit it appears that the appellees were both
present at that trial; that neither of them testified at that
trial to any conversations with Smith, nor any other officer
of the appellant, concerning the sub-lease to Pezold, nor as
to any knowledge of Smith or any other officer of the appel-
lant of the sub-lease.

He further states that the only points in behalf of ap-
pellees on the subject of the knowledge or notice of such
sub-letting was the legal proposition that the recording
of the lease to Pezold was legal notice to appellant.

The affidavit of M. H. Smith was filed, in which he says
the testimony of Bickel is absolutely and entirely untrue;
that he never, and so far as he knows no officer of the com-
pany, had any notice of the sub-lease, until shortly before
the giving of the notice demanding the possession of the
premises. He says he never suspected that Bickel would
give such testimony, hence never supposed he would be
needed as a witness, and was absent from Louisville when
the trial took place.

The court gave the jury only one instruction, which reads
as follows:

"The court instructs the jury that if they believe from
the evidence that the plaintiff company or its chief officer
knew of the sub-letting to Lawrence Pezold of the premises
in dispute, and did not object thereto, and thereafter ac-
cepted rent from said Jacob Bickel, then the law is for the
defendant, and the jury should so find."

It was proper for the court to give this instruction to the

jury, because if the appellant knew of the sub-letting, and afterward accepted the rent due under the lease, it certainly waived any right it had to claim a forfeiture on account of such sub-letting.

The whole case was made to turn, not upon the question as to a consent, in writing, to sub-let, but upon the knowledge and assent of appellant to such sub-letting and the receiving of rents thereafter. The mere statement of the facts illustrates the importance of the testimony of its president, M. H. Smith, the officer whom Bickel testified knew of the sub-letting, and expressed his gratification thereat.

No rule can be laid down by which can be determined the character of the accidents and surprises that will justify the courts in granting new trials.

The facts of each case must determine the matter. It seems to us that counsel for appellant, nor its president, M. H. Smith, could be required in this case to anticipate the testimony which was given by appellee Bickel.

It appears that he did not testify in the justice's court that Smith had any knowledge of the sub-letting, but, upon the contrary, it was sought to charge appellant with notice of such sub-letting by the recorded lease of Bickel to Pezold. This contention was calculated to lead counsel for appellant to believe that the appellees would continue to seek to impute knowledge of the sub-letting in the same way; besides there was a provision in the lease requiring that a consent to such sub-letting must be in writing. The president of the company denying that he had the conversation as testified to by Bickel, it is fair to conclude that he had the right to rely upon the fact that no such writing had been executed, as conclusive of the question involved, especially in view of the fact that no pretense of assent to the sub-letting had been made on the trial in the justice's court.

In McFarland v. Clark, 9 Dana, 136, a writing had been shown a witness some time before the trial, which purported to be a receipt, and she did not deny, but virtually admitted, its genuineness.

At the trial she denied that she had signed the paper, and denied that she had ever heard of it. On the motion for a new trial one of the plaintiffs filed his affidavit stating that the paper had been shown the witness and she did not deny its execution as stated; that he could prove the facts by others, naming them, but as he did not suspect that the witness would testify as she did he therefore was surprised.

This court held that a new trial should have been granted for that reason. The court in stating the difference between a ground for a new trial merely because of the discovery of testimony to impeach a witness who testified on the trial, and surprise, said: "Surprise is altogether a different ground for a new trial. It does not, like discovery, imply negligence, but shows a satisfactory reason for the non-production of the testimony known to exist, but the materiality of which, as the trial resulted entirely from the unexpected fact respecting which the party seeking a new trial had been lulled, either by the antagonistic party or the witness of that party, and, therefore, been surprised. And in the case of such surprise the fact that the omitted testimony may tend to impeach a witness who had been examined on the first trial is not material."

In McCall v. Hitchcock, 9 Bush, 71, this court quotes, with approval, what is denominated a general principle of practice, to-wit: "When a party or his counsel are taken by surprise, whether by fraud or accident, on a material point or circumstance, which could not reasonably have been anticipated, and where want of skill, care or attention

can not be justly imputed, and injustice has been done, a new trial will be granted."

We are of the opinion that the surprise was such that ordinary prudence could not have guarded against it.

Wherefore the judgment is reversed with direction that a new trial be granted appellant and further proceedings be had consistent with opinion.