## The Callahan Construction Company v. Thomas.

(Decided October 23, 1914.)

### Appeal from Whitley Circuit Court.

New Trial—Setting Aside Default Judgment—Failure to Index Acts.—The failure of the index to the Session Acts of the Legislature to show that an Act had been passed at that session, changing the time of holding the circuit court from November to September, constitutes such an accident, surprise, or casualty as will warrant the setting aside of a default judgment entered at the September term, and the granting of a new trial.

SIDNEY SMITH, J. N. SHARP and TYE, SILER & GATLIFF for appellant.

R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee, a negro boy under 21 years of age, was injured in July, 1913, while working for the appellant in the construction of a railroad in Whitley County. On August 5th appellee sued appellant for damages and secured a judgment by default for $300.00 on September 13, 1913. The damages were assessed by a jury upon evidence heard. The appellant was before the court by service of process, and no question is made as to the sufficiency of that service, the sufficiency of the proof or the pleadings, or the regularity of any of the steps taken during the trial.

On October 24th, however, appellant tendered a verified answer containing a traverse of all the material allegations of the petition, and moved the court to grant it a new trial by reason of accident and surprise which ordinary prudence could not have guarded against, as provided by sub-section 3 of section 340 of the Civil Code of Practice.

The motion for a new trial was supported by the affidavit of George W. Callahan, the president of the appellant company, and also by the affidavit of Sidney Smith, one of the attorneys of the Employers' Indemnity Company, of Philadelphia, who was also acting as the attorney for the appellant in this case.

President Callahan states that his company was insured by a policy issued by the Employers' Indemnity Company of Philadelphia, against loss or accidents arising or resulting from claims upon the appellant on ac-

count of bodily injuries received by any of its employes while engaged in the construction of the railroad above referred to. He further says the defendant gave the Indemnity Company a written notice of Thomas' injury; and, that on or about August 11, 1913, the appellant advised the Indemnity Company that this suit had been brought, whereupon the Indemnity Company advised appellant that it would undertake the defense of the action. Smith, the Louisville counsel for the Indemnity Company took steps to prepare the answer for the appellant for the purpose of filing it at the next term of the Whitley Circuit Court, which he erroneously thought would begin on the second Monday in November following.

For the purpose of quick and ready reference, Smith had prepared an elaborate type-written chart or memorandum showing the beginning day of each circuit court in the several counties of the State; and by referring to his memorandum, Smith found that the Whitley Circuit Courts began on the second Monday in March, June and November of each year.

But by an act approved March 16, 1910 (Acts 1910, p. 74) the General Assembly had created the Thirty-fourth Judicial District, composed of Knox and Whitley Counties, giving Whitley County four terms of the circuit Court each year instead of three as theretofore. This new arrangement necessarily changed the time for holding the circuit courts for Whitley County—the third term being changed from November to the fourth Monday in September. In making his chart Smith evidently overlooked this change; and because of it, he did not learn of the default judgment until some time in October. Pursuant to notice, appellant made its motion for a new trial on October 24, 1913, supported by the affidavits and its verified answer, above referred to.

The circuit court overruled the motion for a new trial, and the defendant appeals.

Sub-section 3 of section 340 of the Civil Code provides that a verdict or decision may be vacated and a new trial be granted on account of accident or surprise which ordinary prudence could not have guarded against.

In interpreting this statute this court, in McCall v. Hitchcock, 9 Bush, 71, approved the following statement of the rule taken from 1 Graham & Waterman on New Trials, page 169:

"Where a party or his counsel are taken by surprise, whether by fraud or accident, on a material point or cir-

cumstance which could not reasonably have been antici-
pated, and when want of skill, care, or attention can not
be justly imputed, and injustice has been done, a new
trial will be granted."

The rule has been reaffirmed in many subsequent
cases. See L. & N. R. R. Co. v. Bickel, 97 Ky., 227; Kirk
v. Gover, 29 Ky. L. R., 1047, 96 S. W., 824; Prater v.
Campbell, 110 Ky., 23.

The question, therefore, is, did Smith, the attorney
for the appellant, exercise ordinary prudence in making
his chart or schedule of the terms of the circuit courts
of the State?

The last compilation of the General Statutes of the
State had been published in 1909, and in order to catch
the changes made by the Legislatures of 1910 and 1912,
some supplementary chart or schedule was necessary;
and this could only be done by looking into the Session
Acts of those years.

The index to the Acts of 1910 contained no reference
whatever to "Whitley County," wherein this action was
pending. The heading, "Court, Circuit," contained nine
sub-headings showing Acts of the Legislature which had
changed the terms of the circuit courts in the First,
Sixth, Eighth, Twelfth, Twentieth, Twenty-fourth,
Twenty-eighth, Thirty-first and Thirty-second Judicial
Districts. There is no reference, however, under this
heading, to the Thirty-fourth Judicial District, which
was created by the Act of 1910. In correcting and sup-
plementing his chart, the attorney would naturally as-
sume that the heading last above referred to would have
contained all the changes of time for holding circuit
courts, and that when he had corrected or supplemented
his chart to conform to the changes in the districts there
named, he had a complete record of the time for holding
the several circuit courts of the State.

The schedule filed as an exhibit with the affidavits
shows that Smith did make the corrections upon the face
of the sheet, as shown by the Acts of 1910 and 1912; but
he failed to record the change in Whitley County, be-
cause of the failure of the index to give it.

This case is similar, in principle, to Elliott v. Harris,
81 Ky., 473, where the index to a deed book had been
lost, thereby making it impossible, by the exercise of
reasonable care and diligence, to bring a deed contained
in the book to the notice of the title examiner; and the

deed having been found after judgment, a new trial was granted the losing party.

The ruling in Elliott v. Harris, *supra*, was followed in Hall v. Commonwealth, 17 Ky. L. R., 231, 30 S. W., 877, where a judgment against a surety upon a bail bond was set aside and a new trial granted, upon the subsequent discovery of an unindexed order which had filed away the indictment before the judgment thereon was entered.

These two cases support the conclusion that the failure to learn of the existence of an unindexed deed, judgment or act of the Legislature is not such negligence as will debar a party from a new trial, upon its discovery, if it be controlling in its effect.

Applying the rule to the case at bar, a new trial must be awarded.

Judgment reversed, with instructions to set it aside, file the answer, and for further proceedings.