## Continental Realty Company, et al. v. Bolen.

(Decided June 9, 1922.)

### Appeal from Knott Circuit Court.

1. Deeds—Title or Interest of Grantor.—A deed of general warranty to a tract of land not only conveys the existing interest of the the grantor in the land but also passes any subsequently acquired interest to his vendees.

2. Deeds—Subsequent Entry and Survey.—One who accepted a general warranty deed to a tract of land and subsequently conveyed the interest thus acquired by a similar deed, could not thereafter as against his grantor or those claiming under such grantor, assert a claim to the land based on his subsequent entry upon and survey of it.

3. Husband and Wife—Claim of Wife Against Grantor—Estoppel.— A wife claiming as the assignee of her husband, who had made an entry upon and a survey of a tract of land but who had previously accepted a deed for it and thereafter had conveyed by general warranty his interest to others, is estopped from asserting her claim so acquired against the original grantor of her husband or against those claiming under such grantor.

4. Estoppel—Assignments.—One will not be allowed to enforce a claim assigned to him by another, who was himself estopped from enforcing it and who neither acquired nor held any valid interest thereunder.

CLEMENT F. KELLY for appellants.

JOHN CAUDILL for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This appeal involves a controversy over the title to some branded trees on a tract of 45 acres of land. Marga-

ret Bolen, the appellee, was the wife of Sherman Martin, who in 1903 made a survey of and entry on approximately 150 acres of land on a branch of Troublesome creek in Knott county. On October 29, 1903, he assigned the survey to appellee and on April 1, 1904, she procured a patent to it from the State of Kentucky.

The Continental Realty Company, one of appellants, claims title to the timber through George Martin, the father of Sherman Martin. Prior to 1882 George Martin acquired title to a large body of land in the vicinity of the land in dispute, including that land according to appellants, by purchasing a number of patents that had been issued to William Walker and John Walker, one of which was for 600 acres, and by having occupied other parts of it so acquired for more than twenty years. In 1882 he deeded to his eleven children jointly his entire landed holdings, reserving the timber to himself, and in 1897 the children completed the division among themselves by joining in general warranty deeds to each other, it being recited in the deeds that the conveyances represented the respective interests of the grantees in the father's estate. Subsequent to the division in 1882, but prior to the conveyance of 1897, the timber reserved in the conveyance of George Martin to his children was ordered sold to satisfy certain claims against Martin. It was purchased at a commissioner's sale and passing though various assignments came into the possession of the Continental Realty Company.

Appellee filed her petition in the Knott circuit court, alleging that appellants, Continental Realty Company and Doug Hays, were cutting the timber on the tract of land embraced in her patent of April 1, 1904, and asking that her title to the land be quieted and they be enjoined from cutting or removing the timber. By answer appellants asserted ownership of the timber in the Continental Realty Company, and by amended answer and counterclaim pleaded an estoppel against appellee, averring that the realty company's title was derived from George Martin, the father of Sherman Martin, and that Sherman Martin before making the entry and obtaining the survey under which appellee claimed had recognized George Martin's title to the land, and further, in the distribution of George Martin's estate had conveyed by deed of general warranty his interest in the land in controversy; that the appellee obtained an assignment of the survey from Sherman Martin after he had made the conveyance re-

ferred to, and that her assignor acquired under his entry and survey no interest whatever in the land, but if he did acquire any interest thereunder it was for the benefit of his grantor, George Martin, or automatically passed under his general warranty deeds made in the division of his father's estate.    This plea was controverted and upon the issues thus made the trial court adjudged that the realty company owned title to the trees on what is known in the record as the John Walker patent, which included 105 acres of the 150 acres claimed by appellee, but that the timber on the remaining part of the Margaret Bolen patent consisting of 45 acres belonged to the appellee.    Appellants complain of that part of the judgment awarding to Margaret Bolen the timber on 45 acres.

It is shown in the record that 105 acres of the Margaret Bolen patent is covered by an older patent of 600 acres issued to John Walker on July 12, 1847, and appellants showing title from Walker were awarded the branded timber on that part of the land. It is also shown that the deed of George Martin in 1882 to his children designated the parts of his land that each child was to have and that in the division made among the children in 1897, in which they all joined in general warranty deeds, the 150 acres tract now claimed by Margaret Martin was included in the conveyance to William Martin and Susan Martin Everidge. In these conveyances Sherman Martin joined and in consideration therefor received the part allotted to him and conveyed by his brothers and sisters by general warranty deed. These deeds were made prior to his survey of the 150 acre tract that was later assigned to Margaret Bolen and by her patented. The question is did she take any interest in the timber on the 45 acres, embraced in the 150 acre tract, under the survey assigned to her by Sherman Martin?

Sherman Martin is dead, but if he were alive he could not assert a sustainable claim to the land, for he joined with others in conveying it by deeds of general warranty, and not only did his existing interest pass by those conveyances, but, under the settled rule in this state, any subsequently acquired interest also passed to his vendees. This would be true regardless of the source of his title, but as between him and appellants another fact would deprive him of any interest under the survey of 1903; it is that he acquired the title conveyed to William Martin and Susan Everidge in 1897 from George Martin, through whom the realty company derived title;

and he would be estopped to assert title adverse to a common grantor. But it is contended that he never recognized the title of George Martin to the timber, as he only took with his brothers and sisters a deed to George Martin's interest in the land, exclusive of the timber, and in consequence his subsequent attempt to lay a patent on the land would not operate as an estoppel so far as the timber is concerned.

The argument could not be upheld if it rested alone on the deed from George Martin to his children, because in accepting that deed there was an express recognition of the right of the grantor to the timber, which right, so far as this controversy is concerned, is now vested in appellants. And furthermore, in the deeds of division among the children Sherman Martin again recognized the title of George Martin, claiming thereunder the right to convey the fee. In these circumstances he would be estopped from claiming the timber against George Martin or his grantee. (Perkins, &c. v. Coleman, &c., 90 Ky. 611; Creekmore v. Bryant, 158 Ky. 166; North Jellico Coal Co. v. Helton, Sr., 174 Ky. 335; Sandy River Cannel Co. v. White House Cannel Co., 72 S. W. 298; Martin v. Bentley, et al., 124 S. W. 873.)

In the last mentioned case it was held that where one party claimed land under a warranty deed, and the other claimed under a patent issued upon a survey made under a land warrant issued to the same grantor, both parties claimed under the same grantor and could not dispute his title, and the assignee of the land warrant took title thereunder subject to the prior conveyance of the grantor.

George Martin never conveyed the timber to his children, but it was subsequently sold and the title finally passed to the Continental Realty Company. Against that company the patent, if held by Sherman Martin, would be no more efficacious than against George Martin. The wife of Sherman Martin acquired no greater interest by the assignment of the survey than he had, and whatever claim she acquired under the patent was subject to the same defenses that would have been available against her husband. In good conscience she cannot be allowed to enforce a claim assigned to her by one who was himself estopped from enforcing it and who neither acquired nor held any valid interest thereunder as against George Martin and his assigns. The appellee, therefore, showed no title against the realty company to any of the dis-

puted timber on the 45 acres and the lower court erred in adjudging her the owner of it.

Wherefore, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.