### Gary, et al. v. Woosley.

(Decided June 12, 1923.)

### Appeal from Butler Circuit Court.

1. Ejectment—Plaintiff Need Trace Title Only to Common Grantor.— In an action of ejectment, plaintiff need trace his title only to a grantor, who was also a grantor of defendants.

2. Boundaries—Evidence Held to Sustain Finding Locating Line as Claimed in Ejectment.—Evidence held to sustain the chancellor's finding locating line as claimed by plaintiff in ejectment.

3. Appeal and Error—Finding of Chancellor Not Reversed Unless Against Weight of Evidence.—In an action of ejectment, transferred to equity for trial, the judgment will not be reversed unless

the finding of the chancellor was against the weight of the evidence.

E. N. MAYHUGH for appellants.

G. V. WILLIS and A. THATCHER for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

The action in ejectment was brought by appellee, Woosley, against appellant Gary and her children to recover possession of a small triangular tract of land in Butler county, lying along the property lines of the parties to this cause. The appellants answered and asserted ownership of the land in controversy, setting up their entire boundary. After pleading to an issue the parties transferred the case to equity and took proof by depositions. The chancellor, when the cause was submitted to him, granted the prayer of the petition, and the Garys appeal.

We are asked to reverse the judgment on several grounds: (1) that the plaintiff below, appellee here, failed to prove his ownership of the property in controversy; (2) that the lands now owned by appellants, Gary, appellee Wood and one Embry, were once owned and held by the same persons; and (3) that the evidence does not support the verdict.

We will consider all these questions together. It is true that all the lands now in controversy, as well as the entire farm owned by appellant Gary and appellee Woosley, were once owned by Green Embry, and that he subdivided the land and conveyed it in separate tracts. It was therefore only necessary for appellee Woosley to trace his title back to common grantor Embry. This he did.

There are several maps filed in the record. Some made by one party and some by the other, and we perceive that there is great confusion in the evidence owing to the fact that one of the maps was used part of the time and another map used at another time, with the letters designating the corners of the tracts different upon the several maps. It is very difficult to read the evidence understandingly because of this confusion.

It seems to be conceded that the appellants' beginning corner was at two beeches. Appellee contends that his line, from the two beeches to the next call, two white oaks,

runs in a certain direction, while appellants insist that the line from the beeches runs at quite another angle to the two white oaks; thence at right angles with the last line to the white oaks, which appellee claims as his corner, and thence to a stone. They agree upon the location of the stone. The only question in the case is, whether or not the two white oaks claimed by appellants as the corner is correct, or the two white oaks claimed by the appellee is the correct location. They are about 144 yards apart. This is the widest end of the strip of land in controversy. It runs to a point at the other end. It is insisted by witnesses testifying that the white oaks claimed by appellants to be the true corner were never marked until recently and that the marks now on the trees are rather fresh and were made with a blunt instrument. One or two witnesses testify they examined the trees carefully some few years before the commencement of this action and neither of them was marked as a corner or otherwise. The same witnesses, one or two of them being surveyors, testified that they ran these lines and that they found the two white oaks which appellee claims to be his corner, and that these trees were marked as corner trees, the marks being ancient. Another strong point in favor of the appellee's contention is that by the deed under which he holds there is but one corner between the two beeches and the stone. When run according to his contention that is true, but when run according to the contention of appellants there are two corners between the beeches and the stone. From this evidence we are persuaded that the chancellor arrived at a correct conclusion in decreeing the plaintiff, Woosley, the owner of the land in controversy.

The evidence seems to sustain this contention, and if it did not do so we would not be warranted in reversing the judgment unless the finding of the chancellor was against the weight of the evidence.

Judgment affirmed.