## Crawford et al. v. Crawford.

(Decided November 26, 1929.)

R. C. LITTLETON and THOS. S. YATES for appellants.

G. W. E. WOLFFORD and COUNTS & JARVIS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Ed Crawford, Will Crawford, and Leslie Crawford instituted suit in ejectment against W. V. Crawford seeking to recover the possession of a small parcel of land in Carter county containing between four and five acres. The defendant answered denying that the plaintiffs owned the property and alleging ownership in himself. In the third paragraph he set up his claim of title

from George W. Prichard to whom the property was conveyed about the year 1874 through mesne conveyances to himself. The plaintiffs were claiming title through George W. Crawford, and it was made to appear, by the introduction of a deed, that George W. Crawford conveyed the tract of land belonging to defendant to George W. Prichard. As the pleadings were finally made up, and with the introduction of the evidence by plaintiffs, it was established that the plaintiffs and the defendant were claiming under George W. Crawford as a common vendor.

At the conclusion of the evidence offered by plaintiffs the defendant moved the court to allow him to withdraw that part of his answer in which he alleged that he was the owner of the property through certain deeds carrying the title back to George W. Crawford. The court sustained his motion, and that part of the answer was withdrawn. The plaintiffs in the action forthwith moved the court for a continuance, or for a recess, so that they might have time to procure and introduce evidence carrying their title back to the commonwealth. An affidavit was filed by one of them in which it was shown that they had relied on the allegations in the answer as to the claim of title which would be made by the defendant, and that, knowing that the title of plaintiffs and the title of defendant ran back to a common vendor, they had made no preparations to show by evidence that their chain of title went back to the commonwealth. The court overruled this motion, and, upon motion of the court, the jury was instructed to return a verdict for defendant.

Motion and grounds for a new trial were filed by plaintiffs, and the chief grounds relied on were that there had been such an irregularity in the proceedings of the court as to prevent them from having a fair trial, and that they had been taken by surprise which ordinary prudence could not have guarded against. Their motion for a new trial was overruled, and as appellants they are now seeking relief in this court which is resisted by the defendant in the lower court, who is appellee here.

Certain rules of procedure have been established for the trial of civil cases. These rules grow out of the combined experience of the years. The trial court is the referee whose duty it is to see that all trials are conducted substantially according to the rules of procedure. The rules are intended to insure to all parties a fair trial. When a party does not have a fair trial, according to the

rules of procedure a verdict against him should not be allowed to stand, and he should have another trial in conformity with the rules established for the government of his case.

Appellants knew that it was unnecessary to trace their title back further than the vendor under which both they and the appellee claimed. Gary et al. v. Woosley, 199 Ky. 748, 251 S. W. 1015; Middleton et al. v. Comlth., 200 Ky. 237, 254 S. W. 754; May et al. v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131. The appellee had, in his answer, said to them that he was claiming title to the land through deeds carrying the title back to George W. Prichard. Appellants knew, from the record, that the title of Prichard came from George W. Crawford. They also knew that their title came through George W. Crawford. With these facts before them they had a right to assume that it was only necessary to carry their title back to the common vendor. The question was whether the land in dispute was embraced within the boundary of appellee or within the boundary of appellants. When the court allowed the appellee to withdraw that part of the answer referred to above, appellants were under the necessity of connecting their title with the commonwealth, as it is too well known to require the citation of authorities that in an ejectment suit the plaintiff must recover on the strength of his own title. It was not necessary to trace the title back to the commonwealth before the withdrawal of parts of the answer, but it was necessary immediately after that was done. The court refused to allow the appellants any time in which to produce the necessary proof to take the title back to the commonwealth, if they could do so. The question is whether the court committed error in overruling the motion of appellants for time.

Paragraph 1 of section 340, Civil Code of Practice, thus states a ground for a new trial: "Irregularity in the proceedings of the court, jury or prevailing party, or any order of the court, or abuse of discretion, by which the party was prevented from having a fair trial."

The order of the court overruling the motion of appellants wherein they asked for time to produce evidence of their title back to the commonwealth certainly prevented their having a fair trial. It was an abuse of discretion, and therefore it was an irregularity in the proceedings of the court.

Paragraph 3 of the same section of the Civil Code of Practice thus states another ground for a new trial: "Accident or surprise which ordinary prudence could not have guarded against."

We hardly think that it should be held that appellants should have anticipated the withdrawal of a part of the answer by appellee. We believe that this is a case where a party, or his counsel, was taken by surprise on a material point, or circumstance, which could not reasonably have been anticipated, and where want of skill, care, or attention could not be justly imputed, and there is little doubt that an injustice was done appellants. Under such circumstances a new trial will be granted. McCall v. Hitchcock, 72 Ky. (9 Bush) 66; L. & N. R. R. Co. v. Bickel, 97 Ky. 222, 30 S. W. 600, 17 Ky. Law Rep. 107; Kirk v. Gover, 96 S. W. 824, 29 Ky. Law Rep. 1047. Judgment reversed and cause remanded for proceedings consistent with this opinion.