# Reynolds et ux. v. Cobb.

Feb. 14, 1941.

Roy W. House and A. T. W. Manning for appellants.

Murray L. Brown for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This equity action to quiet title was filed in the Clay circuit court by appellants, William Reynolds and wife, Lucy Reynolds, as plaintiffs, against appellee, William Cobb, Jr., as defendant, in which plaintiffs claimed title to about 25 acres of land in Clay County, but which defendant denied and counterclaimed by asserting title thereto in himself. Among other contentions each party relied on prior adjudications between former owners through whom they claimed as res adjudicata estoppels, and which were in addition to their assertions of title from the commonwealth and by adverse possession. The pleadings progressed to an issue, followed by extensive proof taken by depositions, after which the cause was submitted and the court dismissed plaintiffs' petition and adjudged defendant to be the owner of the contested strip of land, to reverse which plaintiffs prosecute this appeal.

The patents under which the respective parties claim title are known as the Tuttle and Redmon patents, the latter lying east of the former. The issue upon

which the battle is waged is the true location of the line dividing the patents, and which is referred to in this record as the "Redmon line," and sometimes as the "Hinkle line," the reason for which latter designation is that in 1899 or 1900 a surveyor by the name of Hinkle ran it out and it appears that thereafter the line took the name of the surveyor who ran it. At any rate, the Redmon line and the Hinkle line are the same. In 1899 one Alex Tuttle, defendant's remote vendor—and who then owned the land west of the Redmon, or Hinkle line—filed an action in the Clay circuit court against D. F. Reynolds—with whom the instant plaintiffs are in privity of title and who then owned land east of the same line—in which plaintiff in that action sought to establish his title to a part of if not the entire strip of land in contest in this litigation, and which arose because the defendant therein had trespassed upon Tuttle's land, as he claimed, and asserted title, as he also claimed, west of the Redmon line. Tuttle was victorious in that case and that judgment is relied on by defendant as a judicial estoppel.

In 1903 D. F. and Thomas Reynolds, who then owned plaintiffs' tract, filed an equity action in the Clay circuit court against defendant's father, from whom he derived title, and other alled trespassers, in which plaintiffs in that action sought to establish the true line between the parties thereto as adjacent owners, and in which the plaintiff succeeded and it is the judgment in that action that is asserted by plaintiffs herein as constituting a like estoppel against defendant. Each of the instant litigants claimed, in avoidance of the respective pleaded estoppels, that the parcels of land involved in each of those litigations were not identical with the disputed strip in this litigation and proof was heard as to those respective contentions. The court seems to have concluded that the first judgment referred to embraced the same issue made in the instant case and that the judgment in the second action referred to concerned and involved land on other parts of the division line between the two larger tracts of the respective parties. Without going into the evidence in detail we deem it sufficient only to say that the proof adduced supports the finding of the chancellor in the instant case with reference to each pleaded prior adjudication.

But, independently of that conclusion with reference

to the judgment in the 1899 action, the court in the instant one was authorized to find from the evidence that the true location of the Redmon line was where he adjudged it to be. The Hinkle survey located the line where the instant judgment fixed it, and that location was confirmed by a surveyor by the name of Napier of some forty years experience, who surveyed the involved properties as a witness in this case. It is true that another surveyor by the name of Culton who testified in the case located the Redmon line where plaintiffs claim it should be, but it is shown that he did so from information given him by plaintiffs as to beginning corners, lines, etc. There was also a survey made some time ago by a surveyor by the name of Fields referred to by some of the witnesses, who appears to have located the line at the same place where Culton located it; but it is shown that he made his survey on like information. On the strip of land in controversy there is located a residence, a barn, an old apple orchard, and some clearing—all of which are shown to have been built and made by other prior vendors in the same line of title of defendant, and that the contested strip has been in adverse possession for perhaps fifty years. So that, the court was justified when it, no doubt, found that the true location of the Redmon line gave the land to defendant, to whom the court adjudged it in the judgment appealed from. At most it cannot be said that the evidence creates any more than a doubt as to the correctness of the court's finding, and when that is true it is the duty of this court on appeal to approve the chancellor's determination of the facts.

But it is insisted by appellants' counsel that defendant did not prove title back to the Commonwealth, and, since he by his counterclaim asserted title to the contested strip of land the court was not authorized to adjudge him to be the owner of the land; but that contention may be answered in two ways—(1) the pleaded res adjudicata estoppel by defendant, and (2) that the actual contest in this case was and is the true location of the Redmon line, since each litigant concedes that the Redmon line correctly divides their respective farms, and when it is properly located on the ground the issue between the parties becomes settled. There is no contention but that defendant owns land west of and up to the Redmon line, while plaintiffs' tract extends to that

line on the east of it. In such circumstances the requirement of tracing title from the commonwealth has no place in the litigation, since the decisive fact is not then one of who is the true owner of the land bounded by the disputed line, but only one of where that line is located. See Williams v. Waddle, 285 Ky. 416, 148 S. W. (2d) 298, decided February 14, 1941. We have not detailed the evidence in this case, since to do so would require a very great lengthening of the opinion and the case is the usual "mill run" one involving only a contrariety of testimony, and because of which no novel question is involved.

Wherefore, for the reasons stated, the judgment is affirmed.