## Nolan et al. v. Wallen et al.

September 23, 1947.

J. S. Forester, Judge.

G. G. Rawlings for appellants.

Astor Hogg for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an action in equity to quiet title to approximately 50 acres of land located on Pine Mountain in Harlan County.

Appellees allege that they, together with Alice Turner and John L. Turner, are the heirs of one Sudie Hall, and by reason thereof are the owners and in possession of the land in controversy; that the appellants are wrongfully claiming title thereto and thereby causing a cloud upon appellees' title. Appellants' answer is a mere denial of the allegations of the petition.

Sudie Hall acquired title to the property by a tax deed dated December 18, 1908. A certified copy of this

deed was produced, proven and is a part of the record. Appellees proved the allegations of the petition and in addition traced title to the property into C. W. Hall, the husband of Sudie Hall, who failed to pay taxes on the land for the years 1900 and 1901. The sheriff sold the property for the unpaid taxes in 1902, and Sudie Hall became the purchaser at the sale. As stated, the deed was executed in 1908, and was promptly recorded. This deed is regular on its face.

Appellees by depositions show a connected chain of title back to the patent granted by the Commonwealth, filing copies of the various deeds and the patent, all of which are a part of the record. Appellants introduced no proof whatever and the trial court rendered a judgment to the effect that appellees, together with Alice Turner and John L. Turner, are the owners of the land, each having an undivided 1/5 interest therein.

For reversal it is contended that Sudie Hall did not get title to the land by the tax deed because she did not give legal notice to the owner. It is insisted that such notice, as well as the other steps required by statute, must be pleaded and proved by appellees in order to support their claim to title under the tax deed.

The decision of this case is controlled by KRS 134.-570, which reads as follows: "In all actions and controversies involving the title to land claimed or held under a deed executed by the sheriff pursuant to a sale for taxes made prior to June 12, 1940, the deed shall be prima facie evidence of the regularity of the sale and of all prior proceedings and title in the person to whom the deed was executed."

This statute is a re-enactment of section 4030, Carroll's Kentucky Statutes, the exact language having been retained except there was inserted in the present statute "June 12, 1940."

Prior to the enactment of section 4030 of Carroll's Kentucky Statutes it was incumbent upon one claiming under a tax deed to establish the assessment, delinquency, advertisement, sale and all other steps required by the statutes to be taken by the sheriff and the purchaser at the tax sale. In other words, at that time the burden of proving the validity of the tax deed was placed upon

the person asserting title thereunder. The passage of section 4030, Carroll's Kentucky Statutes (now KRS 134.570), merely had the effect of shifting the burden of proof from one claiming title under a tax deed to the one attacking its validity. The wording of the statute is entirely clear and it simply provides that the tax deed shall be prima facie evidence of the regularity of the sale and all prior proceedings, and further that such deed is prima facie evidence of title in the person to whom it was executed. Under the provisions of this statute, when appellees had proven the tax deed and established title in the former owner, a prima facie case was established and the burden of proof shifted to appellants to show that the tax deed was invalid. Since appellants introduced no evidence in this respect the trial court could have done nothing except under the judgment appealed from. See Kypadel Coal & Lumber Company v. Millard et al., 165 Ky. 432, 177 S. W. 270.

Appellants further argue that this construction of the statute violates their constitutional rights in that it deprives them of property without due process of law. Of course this contention is untenable since the statute does not take the property of one and give it to another. It merely establishes a rule of evidence which shifts the burden of proof from one claiming title under a tax deed to the person who is attacking the validity thereof.

Judgment affirmed.