## Combs v. Combs.

February 10, 1948.

Sam M. Ward, Judge.

Bailey P. Wootton and Don A. Ward for appellant.

W. W. Reeves for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Appellee, S. B. Combs, filed this suit under KRS 411.120 to quiet title to a tract of land specifically described in his petition. Appellant, Bradley Combs, by answer and counterclaim asserted title to the land in dispute, hence the case stood for trial on its merits as to which of the parties had superior title, whether by deed or adverse possession. Osborn v. Osborn, 204 Ky. 144, 263 S. W. 738; McGiboney v. Newman, 277 Ky. 835, 127 S. W. 2d 860; Whitaker v. Shepherd, 280 Ky. 713, 134 S. W. 2d 604. Each party introduced considerable proof as to his title and upon submission of the case the chancellor decided in favor of S. B. Combs and Bradley Combs appeals.

The tract in dispute consists of some 20 or 30 acres of not very valuable land on the waters of Acup Creek in Perry County. Appellee claims title through a Gideon Everage patent of 100 acres issued in 1848 and a tax deed of 1894, as well as by adverse possession. However, he does not claim title to any part of the Gideon Everage patent which overlaps the Jackson Combs tract of 400 acres covered by a senior patent issued in 1845. This overlap does not include the land now in controversy.

Appellant claims color of title by virtue of a judgment (which he may do, 1 Am. Jur., "Adverse Possession," sec. 199, page 904; Taylor v. Buckner, 9 Ky. 18, 12 Am. Dec. 354) his father, John Remine Combs, obtained against Logan Combs in 1905 quieting title to a tract of land which appellant contends included the land in controversy. But appellant admits that the tract covered by that judgment was no part of the Jackson Combs patent. In 1931, after the death of John Remine Combs, his lands were apportioned among his heirs. In addition to what was allotted appellant, he bought the interest of some of the other children but obtained no deed to any of the lands formerly owned by his fath-

er, therefore appellant's only claim to the land now in dispute is by adverse possession.

Appellant pleads the champerty statute, KRS 372.-070, against appellee's tax deed. However, this plea is of no avail because at the time the tax deed was executed in 1894 to Gideon Everage's 100 acre tract, Everage was not in adverse possession of that land but it was then held by William Combs and appellee under a deed. Furthermore, we do not see how the champerty statute can apply to a tax deed because the one who owns and is in possession of the land does not hold it adversely to the sovereign's claim for taxes.

Another attack appellant makes on the tax deed is that appellee did not meet the burden of showing there was a substantial compliance with all the statutory requirements relating to tax sales, citing several quite old cases such as Jones v. Miracle, 93 Ky. 639, 21 S. W. 241; Carlisle v. Cassady, 46 S. W. 490, 20 Ky. Law Rep. 562; Griffin v. Sparks, 70 S. W. 30, 24 Ky. Law Rep. 849. Evidently appellant overlooked KRS 134.570 to the effect that in all tax sales made prior to June 12, 1940, the deed shall be prima facie evidence of the regularity of the sale and of all prior proceedings. This section was formerly KS sec. 4030 and it has been applied consistently by us. Cornett v. Greever, 272 Ky. 241, 113 S. W. 2d 1127, and authorities therein cited. So the burden was on appellant to attack the regularity of this tax deed, but he did not undertake it.

Thus this case is reduced to one of adverse possession. We see no good reason to discuss and analyze something over 150 pages of highly conflicting evidence. As was written in Reynolds v. Cobb, 286 Ky. 329, 150 S. W. 2d 702, this is the usual "mill run" case involving only a contrariety of testimony and contains no novel question, hence it requires no detailing of the testimony. The chancellor saw fit to accept the testimony of appellee and his witnesses and to reject that of appellant and his witnesses, and we can not say that his judgment is against the weight of the evidence, therefore we must sustain it.

The judgment is affirmed.