**Arch ISAACS, Appellant,**

**v.**

**Pete HARRISON et al., Appellees.**

Court of Appeals of Kentucky.

March 11, 1955.

Delbert Eagle, Edward P. Roark, Lancaster, for appellant.

Carter Moore, McKee, Earl Eversole, Richmond, for appellees.

STANLEY, Commissioner.

Pete Harrison and eight other heirs of Elisha Harrison filed this suit against Arch Isaacs, which is, in effect, an action to quiet title to a certain fifty acres of land. Issues were joined by an answer, and a counterclaim to the land was asserted by the defendant. The judgment was for the plaintiffs, and Isaacs has filed a motion for an appeal.

The appellant, Isaacs, proved this chain of title: A deed to himself from Elby Blanton and wife, Manerva, on February 19, 1945; deed to Blanton from James M. Harrison and wife on February 19, 1930; and deed to Harrison by the Sheriff of Jackson County on June 26, 1929. This deed recites that the property belonged to Elisha Harrison's heirs and was listed for taxation for the years 1925 and 1926; that the taxes had not been paid; that after being duly advertised for sale in default of payment of the taxes, the property was sold on June 20, 1927, to James M. Harrison as the highest bidder; that he had paid the taxes, which amounted to $13.85; that the property had not been redeemed; therefore, the conveyance of the land was thereby made to James M. Harrison. The deed contains other details as to the procedure and action taken which show conformity with the statute relating to the sale and conveyance of land for nonpayment of taxes.

The appellant, Isaacs, also introduced evidence which prima facie established adverse possession of the property by his predecessors and himself.

The Harrison heirs (other than James M. Harrison, a son) as plaintiffs, did not challenge this tax deed in any way. One of them testified only that after the tax sale he had offered to pay James Harrison his proportionate part of the defaulted taxes, but Harrison had replied that he was cultivating the land and would pay the taxes himself. The plaintiffs undertook to sustain their claim to title by negating Isaacs' claim of adverse possession as a matter of fact and upon the ground that his immediate vendor, Elby Blanton, had been in possession of the land through and by his wife, Manerva, who was a daughter of Elisha Harrison; therefore, that her possession was as a cotenant or joint owner with the other heirs, and that it was not hostile to the ownership of all the heirs.

It seems to us the issue of adverse possession is immaterial for the reason that the appellant, Arch Isaacs, proved a clear record title.

This case is strikingly like Nolan v. Wallen, 305 Ky. 416, 204 S.W.2d 574, even as to the quantity of land involved. Title of the appellees in that case rested on a tax deed. As recited in the opinion, KRS 134.570 provides that a deed executed by a sheriff pursuant to a sale of land for taxes "shall be prima facie evidence of the regularity of the sale and of all prior proceedings and title in the person to whom the deed was executed." The statute had been repeatedly construed as placing a burden upon one denying the validity of a tax deed to establish invalidity by proof. So the conclusion of the court was, "Since the appellants introduced no evidence in this respect the trial court could have done nothing except enter the judgment appealed from." The judgment had gone for the claimant of title emanating from a tax deed. See the later similar case of Combs v. Combs, 306 Ky. 553, 208 S.W.2d 732.

In the present case the trial court apparently gave no effect to the tax deed except perhaps as showing color of title under which the appellant, Isaacs, and his predecessors, Blanton and James Harrison, had held possession. We think Isaacs established a good record title and that the judgment should have gone for him.

Accordingly, the appeal is granted and the judgment is reversed with directions to enter judgment for the appellant.