KENTUCKY RIVER COAL CORPORA-
TION, Appellant,

v.

Charles N. BAYLESS et al., Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1955.

As Modified on Denial of Rehearing
Dec. 12, 1958.

C. D. Carpenter, Bruce Stephens, Jr., Hazard, Hensley & Logan, Frank A. Logan, Fred B. Redwine, Louisville, for appellant.

A. E. Cornett, Hyden, McCann, Sledd, McCann, Lexington, Calvert Little, London, Logan E. Patterson, Pineville, Donald Q. Taylor, Louisville, for appellees.

CLAY, Commissioner.

In this action appellant, Kentucky River Coal Corp., sought to quiet its title to certain coal and minerals in a 48 acre tract and to recover damages from appellees for the wrongful removal of coal. Appellees moved for summary judgment, which was granted.

In 1903, John Couch, by deed of general warranty, conveyed to Tennis Coal Company, appellant's predecessor in title, the coal and minerals underlying the tract in controversy. In 1913, John Couch conveyed the fee simple interest in the same land by deed of general warranty to Lucy A. Nield, appellees' predecessor in title. However, there is no record showing that Couch ever had title to this land.

Three years later, in 1916, Lucy A. Nield took a quit claim deed for this same land from F. M. Sackett. Sackett's title is based on a deed executed to him by the Master Commissioner of the Leslie Circuit Court pursuant to a sale of the Souzade 40,000 acre patent of 1872 under the provisions of Carroll's Kentucky Statutes, Section 4076f to 4076k, commonly known as the forfeiture act.

It is stipulated that the Souzade patent is the senior grant and that appellees have a regular chain of title connecting with this grant.

■ The first ground urged for reversal is based upon the provisions of Carroll's Kentucky Statutes, Section 4076g. That section provided in substance that title forfeited to the Commonwealth under its provisions is re-transferred to and vested in any person who had actual adverse possession for five years next preceding the

judgment for forfeiture, under a claim or color of title, and who had paid the taxes thereon for five years. It is appellant's contention that by virtue of prior conveyances to and from Couch, it must be presumed that he was in adverse possession for the requisite time prior to the forfeiture judgment, and that the burden of proving otherwise was upon appellees who claimed under the forfeiture.

■ There seem to be three answers to this contention. In the first place, we can find no basis for presuming actual adverse possession by Couch or those claiming under him. In the second place, the burden of proving the requisite five year adverse possession would be upon appellant. Since it brought this action to quiet title, it could only recover on the strength of its own title, and that could only be established by a successful attack on the forfeiture title under which appellees claim. See Wilson v. Chappell, 244 Ky. 521, 51 S.W.2d 669; Flinn v. Blakeman, 254 Ky. 416, 71 S.W.2d 961; Nolan v. Wallen, 305 Ky. 416, 204 S.W.2d 574. In the third place, even if we assume appellees had the burden of proof, they sustained such burden on their motion for summary judgment. They filed the affidavits of three persons which tended to prove that the land had not been actually occupied by anyone, adversely or otherwise, for five years or at any time prior to the date of the forfeiture judgment. No counter-affidavits, or other proof, were introduced by appellant, and it agrees that the case had been fully developed insofar as its claim was concerned on the motion for summary judgment.

We therefore conclude that appellant's claim, based on adverse possession prior to the forfeiture judgment is without support in this record.

■ Appellant's second contention is one based on estoppel and has three parts. It is first sought to invoke the doctrine that where two parties claim title to property, and the title of both can be traced to a common grantor, both are estopped from

denying the title of the common grantor and the party having the senior claim under that grantor will prevail. Gary v. Woosley, 199 Ky. 748, 251 S.W. 1015; Crawford v. Crawford, 231 Ky. 675, 22 S.W.2d 93. As heretofore stated, the predecessors in title of both appellant and appellees had taken deeds from John Couch, and appellant's title came through the earlier of these deeds. The fact remains, however, that both of the deeds of Couch were worthless because he had no title.

Subsequently appellees' predecessor obtained a good title to the property through the forfeiture judgment. It is appellant's contention that appellees are estopped to assert this good title.

Our attention has not been called to a Kentucky case extending the doctrine of estoppel as far as appellant would have us go. The cases cited generally support the proposition that where two adverse claimants trace their *only* chain of title to a common source, neither can impugn the title of the common grantor for the purpose of attacking the claim of the one having the prior deed. The rule certainly does not create a title where none existed, and is really one of procedure and evidence.

On this point no Kentucky case with facts similar to those of this case has been cited to us, and we have found none. In Combs v. Thomas, 304 Ky. 654, 201 S.W.2d 557, upon which appellant relies, while a source of title other than that of the common grantor was involved, the question here presented was not decided because the court held that the claim under the other source had been abandoned. It seems clear that the proposition contended for by appellant is not supported by the weight of the law of other jurisdictions. In 19 Am. Jur., Estoppel, Sec. 24, page 623, the rule is stated this way:

"It is now the generally accepted rule that when two persons derive title from a common source, one of them is not estopped to assert against the other a paramount title which he has subsequently acquired. He may even admit

a common source, and then show that the title presently relied on is a paramount tax title."

To the same effect is Jennings v. Marston, 121 Va. 79, 92 S.E. 821, 7 A.L.R. 860, at page 886, et seq.

An examination of the reason for the rule regarding adverse claimants from a common grantor will show its inapplicability in the present case. The rule developed in actions of ejectment and actions to quiet title. In such actions, inasmuch as the plaintiff was required to recover on the strength of his own title rather than the weakness of the defendant's, it was held that defendant need only show his claim was from the same source as that of the plaintiff and that his claim from that source was superior. If this were shown, it became obvious that plaintiff's title could not be stronger than defendant's. Therefore defendant was relieved of the necessity of going back of the common grantor and proving title deducible from the state, the courts saying that plaintiff is estopped to deny the validity of the title under which he claims. The rule also worked in the plaintiff's favor. Again quoting from 19 Am.Jur., Estoppel, Sec. 24, page 623:

"The generalization that claimants from a common source of title cannot question the validity of the title is, upon analysis, doubtless to be understood as meaning that when plaintiff has proved that he and the defendant claim title to land from a common source and that of the two titles emanating from that source his is the superior, he shows a prima facie right to recover, which is a rule of evidence rather than of estoppel. In other words, the rule is not strictly an estoppel, but a rule of justice and convenience adopted by the courts to relieve persons such as a plaintiff in ejectment from the necessity of going back of the common source and deducing title from the state."

It seems clear that this procedural doctrine is limited to cases where the only

claim of title is through a common source, and does not apply where, as here, a claim is asserted upon a paramount title derived from an independent source. It was so held in Philadelphia Brewing Co. v. McOwen, 76 N.J.L. 636, 73 A. 518.

■ The second part of appellant's argument based on estoppel is that, on the sale of the minerals by John Couch to appellant's predecessor in title, Couch became a trustee or tenant for the mineral titleholder, to hold possession for the benefit of the mineral title. Therefore appellees, or their predecessors in title, by taking and accepting a deed from John Couch, stepped into his shoes as trustee or tenant and are estopped to deny the John Couch title or to buy in, set up, or rely on an adverse title.

It is, of course, well settled that where an owner of land conveys the minerals on that land to another and remains in possession, he holds the minerals in trust for the mineral owner, and neither he nor anyone entering under him can acquire title to the minerals by *adverse possession* except upon a very strong showing of a repudiation of the trust relationship. Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S.W.2d 394. Appellant contends that this same principle applies not only in cases where title is sought to be asserted through adverse possession, but also where the title is a senior paper one. This does not appear sound.

The basis of the rule estopping one in possession of land from asserting a claim through adverse possession against one to whom he has conveyed the mineral rights is the reliance which the grantee has placed in the grantor, and those entering into possession under him, that their possession will not be hostile to his claim. The mineral owner has a right to expect that those entering the land on the strength of his grantor's title will continue to hold under that title rather than by adverse possession. It is obvious, however, that this particular type of estoppel only applies where an attempt is made to claim a title superior to that of the mineral owner *by virtue of adverse possession*. In the present case, appellees are relying upon superior record title, not adverse possession.

■ The third part of appellant's argument invokes another principle of law somewhat related to the foregoing which appellant ingeniously insists is here applicable. That is, a grantor may not acquire and assert against his grantee a subsequently acquired title. If such a subsequent title is acquired by the grantor, it inures to the benefit of the grantee. These principles of law are well settled. Appellant would have us stretch the doctrine to apply to *another grantee* of the original grantor. It is contended that since the original grantor Couch would have been estopped to assert a superior title against appellant, his other subsequent grantees stand in his shoes and are likewise estopped. We can find no logical, legal or equitable basis for such a proposition. The subsequent grantee owes no duty to the former grantee. By accepting a fee simple deed, he does not assume the obligations of the grantor. It is true that he may not assert title by adverse possession against the prior grantee (as above discussed), but no privity exists between them which would make it inequitable for a subsequent grantee to acquire a better paper title from some other source.

■ ■ It seems to be well recognized that a grantee may acquire a title antagonistic to that of his grantor and set up the title so bought to defeat that of his grantor or those claiming under him. 31 C.J.S., Estoppel, § 15. Cavin v. Little, 213 Ky. 482, 281 S.W. 480; Dils v. Kentland Coal & Coke Co., 228 Ky. 161, 14 S.W.2d 395; Warfield Natural Gas Co. v. Ward, 286 Ky. 73, 149 S.W.2d 705; Philadelphia Brewing Co. v. McOwen, 76 N.J.L. 636, 73 A. 518 (heretofore cited). Clearly if a grantee may assert a paramount title against his own grantor, even with better reason may he assert such paramount title against a former grantee of the grantor.

An exception to the rule that a grantee may assert an independent paramount title against his grantor has been recognized in

cases where the grantor has excepted or reserved some estate in his deed to the grantee. Sandy River Cannel Coal Co. v. White House Cannel Coal Co., 72 S.W. 298, 24 Ky.Law Rep. 1653; Continental Realty Co. v. Bolen, 195 Ky. 215, 242 S.W. 6. The basis of this rule is not too clear, but seems to be founded on a positive recognition by the grantee of an estate still remaining in the grantor. However that may be, we are not here dealing with a reservation or exception in favor of the grantor.

We are of the opinion that appellees were not estopped to set up their superior title to this land, and the Chancellor properly so adjudged.

The judgment is affirmed.